LITTLEJOHN *v.* MILLIRONS and Others.

A wife, with the assent of her husband, made a contract with a mechanic for the construction of a house upon her separate estate. *Held*, that the building, and the interest of the wife in the lot upon which it was situate, was subject, under the R. S. 1843, to the mechanic's lien for the value of his labor.

A life estate of a wife in land, with the joint seizin of herself and her husband, was an interest in land, which, by the R. S. 1843, might be sold for the enforcement of a mechanic's lien.

APPEAL from the *Jefferson* Circuit Court.

GOOKINS, J.—Bill to enforce a mechanic's lien, by the appellant, against the appellees. On the hearing, the Circuit Court dismissed the bill for want of equity. The plaintiff appeals.

The bill states that on the 9th day of *April*, 1850, the plaintiff conveyed in fee to the defendant *Stewart*, lot number four in an addition to the town of *Canaan*, reserving an estate for life to the defendant *Anna W. Millirons*, mother of said *Stewart*, and wife of the defendant, *Alexander Millirons;* that *Millirons* and wife are seized, under said conveyance; that at the request of the grantees, he erected a house on said lot; that by the original contract they were to pay 50 dollars for the lot, and 300 dollars for the house; that at their request he made some additions to the house, worth 18 dollars; that the 350 dollars were to be paid during the progress of the work, and they further agreed to pay 18 dollars for the extra work; that the work was completed on or before the 1st day of *August*, and not before the 1st day of *July*, 1850; that besides 50 dollars for the lot, he had received 205 dollars during the progress of the work on the house, leaving 113 dollars unpaid, which had been demanded; that on the 20th of *August*, he filed a notice of his lien in the recorder's office, pursuant to the statute; that although *Alexander Millirons*, the husband, took no active part in the business, he was present and assented to what was done, and promised to pay, &c.

The defendant, *John P. Stewart*, being an infant, a guardian *ad litem* was appointed for him, who put in the common answer.

The answer of *Millirons* and wife admits the conveyance and their seizin of the lot. They admit that the plaintiff contracted with said *Anna* for the building of the house, but say it was not built according to the agreement. They admit that the original contract was that they were to pay 50 dollars for the lot, and 300 dollars for the house. They state the description of the building stipulated for, and allege that the payments were to be 50 dollars in blacksmith work, whenever required by the plaintiff, 200 dollars in money when the house was completed, and 100 dollars in one year thereafter, and deny that the payments were to be made as stated in the bill; that said *Alexander Millirons*, who was to do said blacksmith work, was a good blacksmith, and had been at all times ready to do the work, but it had never been required. They allege the payment of 255 dollars; that the house was not of the kind contracted for; that the materials were not good, and the work not well done, and that it was worth less than the house stipulated for by from 50 to 100 dollars. The husband denies that he ever agreed to pay 18 dollars for additional work, and the wife makes the same denial, but admits that during the progress of the work the plaintiff suggested an alteration of the plan, which he said would not increase the cost more than 5 dollars, to which she assented. They admit the filing of notice of the lien. They admit that the husband assented to the doing of the work, but deny that he promised to pay otherwise than as before stated.

The plaintiff replied, denying the affirmative matter in the answer.

The statements of the bill were substantially proved, and it was shown that there was a balance of 113 dollars due the plaintiff for the work. The affirmative matters in the answer were not established. By the conveyance a life estate was created in the wife, which, with the joint seizin of the husband and wife, was an interest in land,

which might be sold, under the statute of 1843, in regard to mechanics' liens. That statute, p. 777, sec. 12, provides, that on rendering a decree in such case, the Court shall direct the house and the interest of the employer in the lot to be sold. This interest was a freehold, and we think a less estate even, as a term of years, might be ordered to be sold under this statute, for the purpose of enforcing a lien.

The contract is objected to by the appellee, as having been made by a married woman. It is alleged and proved to have been made with the assent of her husband, and he does not deny his promise to pay for the work. This statute ought to receive a liberal construction, and not such a one as would put it out of the power of a husband and wife to improve the property of the wife for their joint benefit. If the wife can not contract for such a purpose, there is a stronger reason than in ordinary cases, why the mechanic should retain a specific lien as a security for the labor bestowed. Disabilities are for the protection of parties incapable of contracting, and should not be converted into instruments of fraud or injustice. The plaintiff's equity is manifest, and we think the Circuit Court erred in dismissing the bill.

*Per Curiam.*—The decree is reversed at the cost of *Millirons* and wife. Cause remanded, with instructions to the Circuit Court to enter a judgment for the plaintiff for 113 dollars, with interest from the date of the former decree, and an order for the sale of the house mentioned in the bill, and the interest of the defendants, *Alexander Millirons* and *Anna W. Millirons*, in the lot in the bill mentioned.

*J. G. Marshall* and *C. E. Walker*, for the appellant.

*J. W. Chapman*, for the appellees.