JOHN McCORMICK, PLAINTIFF IN ERROR, v. WILLIAM LAWTON, DEFENDANT IN ERROR.[a]

**Mechanic's Lien:** PARTIES. A person who has sold and assigned all his interest in premises upon which there is a mechanic's lien, is not a necessary party to a petition for foreclosure.

——: REQUISITES OF NOTICE. Although the statute (*R. S.*, 1866, *Chap.* XXXV) requires that where work is done upon written contract, the lienor shall file " the same or a copy thereof," with the statement of work done and material furnished, yet if he is prevented from so doing by the wrongful act of the party for whom the labor is performed, he will not thereby lose his lien. And *semble*, parol evidence of the contents of such contract would be admissible. *Per* MASON, CH. J.

——. A husband, with the knowledge and consent of his wife, entered into a contract for the erection of a dwelling house upon her separate estate. The wife assisted in the giving of instructions to the workmen as to the manner in which the work should be done. *Held:*

1. That the husband acted as the agent of the wife in entering into such contract.

2. That the building and lot upon which it was situated, were subject to the mechanic's lien for the value of his labor, and cost of the material furnished.

ERROR to the district court for Douglas county. The case is fully stated in the opinion of the court.

*John I. Redick*, for plaintiff in error.

*E. Wakely*, for defendant in error.

MASON, CH. J.

The defendant in error William Lawton, who was plaintiff in the court below, alleges in his petition there filed, that he was employed by one J. C. McKoy, on the 18th of October, 1868, who was at that time in that behalf acting as the agent of Lillie McCoy his wife, to do certain mason work in and about the building of a dwelling house and cistern, on lot four in block eighteen, in Omaha

[a] Decided July Term, 1872.

29

City; that a part of the work was done under a contract and a part was extra work; that the work was completed about June 4, 1869; that the balance due therefor was twelve hundred and nineteen dollars and ninety cents; that when said agreement was made and until the 2d of January, 1869, the legal title to said lot was in John Campbell; that Campbell conveyed the same to Lillie McCoy, wife of J. C. McCoy, and that said J. C. McCoy and Lillie McCoy, on the same day conveyed the said lot to John McCormick., who still holds the legal title thereto. And it is further alleged that at the time Lawton was employed to do said work, Lillie McCoy was the equitable owner of said lot, and held a contract for the conveyance thereof, and that in pursuance of said contract on said last date the lot was conveyed to her; that in all these matters J. C. McCoy was acting as the agent of Lillie McCoy; that a part of the work was done after John McCormick bought the premises; that he knew of the contract and assented to the same, and requested the completion of the work; that on the 25th of August, 1869, Lawton filed his account under oath for record, in pursuance to the statute in such cases made and provided. Lawton asks that he be decreed a lien upon the said premises for the work and material, and that the same be sold to pay his claim. McCormick in his answer asks that Lawton be required to make proof of the allegtions in his petition, and denies that McCoy was the agent of his wife, and denies her knowledge concerning the contract, and also denies that Lawton has a lien.

The first error assigned is the ruling of the court below upon the demurrer of the defendants to the petition of the plaintiff. A suit to enforce a mechanic's lien is in the nature of a suit to foreclose a mortgage. *Ainsworth v. Atkinson*, 14 *Ind.*, 538. When the mortgagor has conveyed his equity of redemption absolutely, the assignee only need be made a party to the bill to foreclose. *Shaw*

*v. Hoadly*, 8 *Blackf.*, 165. *Swift v. Edson*, 5 *Conn.*, 531. *Story's Equity Pleading*, 197. It is alleged in the petition and admitted by the demurrer that John McCormick is the assignee of J. C. McCoy and Lillie McCoy of the property upon which Lawton claims a mechanic's lien. No personal judgment is sought against J. C. McCoy or his wife. It is only sought to enforce the alleged lien against the particular lot, and McCoy and his wife have sold and assigned all their interests in the lot and premises to John McCormick. McCoy and his wife are not parties in interest to this controversy; they have no interest in the property against which the lien is sought to be enforced, and are not necessary parties. There was no error in overruling the demurrer. If a mortgagor become bankrupt and his estate be assigned under the bankrupt laws, his assignees only need be made parties to the bill. *Addeus v. Holbrook*, 1 *Harris, Ch. Pleadings*, 29, 1808.

It is also assigned as error that no copy of the contract under which the work was done was filed with the statement for a mechanic's lien. It appears that J. C. McCoy, upon some pretext, had procured the contract from one Dufrene, with whom it had been deposited for safe keeping, and left the state with it, thus by his own wrongful act rendering it impossible for Lawton to file a copy of the contract as required by section seven, chapter thirty-five, Revised Statutes, 1866. (*General Statutes*, 1873, *page* 467.) It plainly appears from the evidence that J. C. McCoy secured the written contract from Dufrene, and that it has not been seen since, and that McCoy has left the state, his whereabouts being unknown. To deny Lawton his lien upon the premises, on the ground that no copy of the written contract was filed with the account for record as by law required, or to exclude parol evidence of its contents would be to allow McCoy to take advantage of his own wrongful

act. It clearly appears from the record before us that John McCormick, the assignee of McCoy of the lot and premises, had full knowledge of the work done and material furnished by Lawton, and that the same were not paid for. All these plaintiffs in error took such interest as they possess, charged with all the equities of the defendant in error.

When the wife is the owner of the fee of the lots, and the husband contracts for the erection of a dwelling house on the same, and the wife gives directions and instructions to the workmen, as to the kind and character of dwelling to erect, and the manner in which the work shall be done, in the absence of counteracting proof, it will be presumed that the husband acted as the agent of the wife in entering into such contract. This view of the case is certainly greatly strengthened by our statutes which provide, that any real estate belonging to a married woman may be managed, controlled, leased, demised or conveyed by her, by will or by deed, in the same manner and with the same effect as if she were single. *Revised Statutes*, 1866, *Chap.* 43, *Sec.* 47.

The mechanic has done the work, furnished the material, and finished the dwelling house on the lot and estate of Lillie McCoy. Her separate estate has received the benefit; shall the price of this labor and cost of material be a charge thereon, or shall the mechanic lose the same? The wife was present and not only assented to the contract, but encouraged the mechanic to go on with the work, and gave directions how the same should be done. The equities of Lawton, the defendant in error, are strong and manifest in this case. The contract was made by the husband for the erection of a dwelling house on the lot and property of his wife. It is alleged and proven to have been made with the assent of his wife, and she herself exercised a general supervision over the work, and the tendency of legislation in our state is to vest married

women with the right to use and control their property, contract and be contracted with, with power to ratify and confirm contracts made in respect to the property belonging to them. *Laws of* 1871, *page* 68.

The statute giving the mechanic a lien for labor and material ought to receive a liberal construction, and not one that will put it out of the power of the husband and wife to improve the property of the wife by the erection of a dwelling house for the family. *Littlejohn v. Millirous,* 7 *Ind.,* 125.

JUDGMENT AFFIRMED.