THE BURLINGTON LUMBER CO. v. THE WHITEBREAST COAL
& MINING CO.

1. **Evidence**: SECONDARY: OF WRITINGS IN HANDS OF ADVERSE PARTY: NECESSITY AND OBJECT OF NOTICE TO PRODUCE. Secondary evidence of the contents of writings in the custody of the adverse party cannot be admitted without due notice to produce the originals—not even though the adverse party admit that the originals are lost. The object of such notice is not only to give opportunity to search for the originals and bring them into court, but also to enable the adverse party to anticipate and prepare to meet proof of the existence and contents of such papers.

*Appeal from Lucas District Court.*

THURSDAY, JUNE 4.

ACTION in chancery to enforce a mechanic's lien for the value of lumber furnished by plaintiff, and used by defendants in the construction of mining shafts. A judgment was had for plaintiffs, but the abstract does not show that it was made a lien on defendant's lands. Defendant appeals.

*Mitchell & Penick* and *McNett & Tisdale*, for appellant.

*Stuart Bros.*, for appellee.

BECK, CH. J.—I. The defendant in its answer admits the purchase of the lumber, but denies that it was used for the purpose charged in the petition, and, by way of a counter-claim, seeks to recover against plaintiff damages for the violation of a contract alleged to have been entered into between defendant and plaintiff, whereby plaintiff undertook to furnish

to defendant timber " as fast as it could be sawed and loaded on the cars." The cause is triable here *de novo*.

II. The defendant, to establish the terms of the contract as to the time of its performance, (the breach of these terms is the ground of the counter-claim,) relies upon a letter of defendant to plaintiff ordering the timber which states these terms, and an acceptance of the order by plaintiff. In the view we take of the case, this letter of defendant's became an important—a decisive item of evidence. The terms of the contract as to time of performance, alleged by defendant, are denied by plaintiff. If they did not agree, by accepting the order sent by the letter, to furnish the timber " as fast as it could be sawed and loaded on the cars," defendant cannot recover upon its counter-claim. In order to prove the contents of the letter, for it was not produced, defendant introduced in evidence a letter-press copy thereof, but failed to prove notice to plaintiff to produce the letter. Counsel claim that a letter-press copy is admissible as *prima facie* evidence of the contents of a letter, after notice to the party to the suit to whom it was addressed to produce it, and cites 1 Greenl. Ev., § 116, in support of this position. It is not necessary for us to determine the effect of the letter-press copy, as it or any other secondary written evidence cannot be admitted, except after notice to the party to the suit having its custody to produce it at the trial.

The rule requiring notice to the party, holding their custody for the production of the documents which the other party desires to introduce in evidence, is admitted by counsel, but they insist that there is an exception thereto when the party upon whom notice should be served admits the loss or destruction of the documents. The position of counsel is based upon their view of the reason for the rule, which is that the notice is required in order to enable the party holding a document to make search for it, and produce it. They conclude that, if its loss or destruction be admitted, the reason of the rule ceasing, the rule itself is not applicable to such a case.

But the reason assigned by counsel is not the only one for requiring notice.

The party holding the paper should be informed that it is wanted in order to enable him to produce evidence as to its contents, or to show that the paper never had an existence. The notice would indicate the purpose of his adversary to prove its contents if it should not be produced. Surely, the party alleged to have had the paper ought to have an opportunity before the trial, or a sufficient time before the question of secondary proof is raised, to prepare his evidence upon the subject. This case illustrates the force of these reasons. The plaintiff's place of business is in Burlington. It would have been unjust to have required it to meet, without preparation, the issues involving the existence and contents of the letter at the trial, a hundred miles or more away from its place of business, where it is to be supposed evidence bearing upon the issues could have been found.

III. We do not hold that, in case the loss or destruction of an instrument is admitted by the party who holds its custody, the other party is not required to give the notice for its production. In support of such position, counsel cite *Rex v. Haworth*, 4 Car. & P., 254; *Doe. v. Spitty*, 3 Barn. & Adol., 182. But should we recognize this doctrine, we think the case is not within the rule. Defendant relies upon the testimony of the secretary of plaintiff, who testifies that he is the custodian of its papers, and that he made search among his letter files, and brought with him all the letters which he found passing between the parties. It is not shown that he made especial search for this letter, nor does he testify that the letter was lost or destroyed. He does not say that such a letter was not received, but declares he has no recollection of ever having seen it. This surely cannot be regarded as an admission of the loss or destruction of the letter. Such an admission implies its prior existence. This is not admitted; nor, indeed, is it admitted that it cannot be found. The admission is simply to the effect that the letter was not found.

We reach the conclusion that the secondary proof of the contents of the letter cannot be admitted, and therefore the defendant has failed to establish the terms of the contract for timber as declared upon and claimed by it, and cannot recover upon the counter-claim. This conclusion ends the case, and renders the consideration of other questions unnecessary.

AFFIRMED.