WILLIAM WHEATON *vs.* MARGARET TRIMBLE.

Bristol.   Oct. 27. — Nov. 23, 1887.   C. ALLEN & KNOWLTON, JJ., absent.

Evidence that a husband had the general management of premises belonging to his wife, that he employed A. to perform labor upon a house on the land, that the wife knew that A. was working on the house, and that she gave him directions as to parts of the work, will justify a finding that the husband, in employing A., acted as the duly authorized agent of the wife.

PETITION to enforce a mechanic's lien, under the Pub. Sts. c. 191. Trial in the Superior Court, without a jury, before *Knowlton*, J., who found for the petitioner; and the respondent alleged exceptions. The facts appear in the opinion.

*H. J. Fuller*, for the respondent.

*L. N. Francis*, for the petitioner.

MORTON, C. J. The labor for which the petitioner seeks to enforce a lien was performed by him upon the house of the respondent. He was employed by the respondent's husband; and the presiding justice, who tried the case without a jury, has found that, in employing the petitioner, the husband acted as the duly authorized agent of the respondent. The only question before us is whether there was evidence to justify this finding. There was evidence tending to show that the work was done upon her house, and was for her benefit; that she knew that the petitioner was working upon the house, and was present at different times, and personally gave him directions as to parts of the work; that she selected the papers for the upper rooms, and the bills for them were afterwards paid by her husband. The husband and wife both testified that he was not her agent; but, upon cross-examination, she testified that "her husband manages the property just as he used to when it was his, that she allows him to go ahead and do just as he pleases with the whole property, and that ever since it has been in her name he has managed it just as he did before." It was for the court to determine what credit should be given to their testimony. Considering the relation which she bore to her husband and to the estate, that she knew the petitioner was working for her benefit, and took part in directing his work, and that she

substantially testified that she had put the general management of the property in the hands of her husband, it is not an unreasonable inference that, in contracting with the petitioner, the husband was acting as her authorized agent. The evidence is quite as strong as it was in the case of *Arnold* v. *Spurr*, 130 Mass. 347, in which it was held that the question of agency should have been submitted to the jury.

*Exceptions overruled.*