THE STATE v. HALSTEAD.

1. **Embezzlement:** EVIDENCE: BANK-DEPOSIT TICKETS WRITTEN BY DEFENDANT. In a prosecution of defendant for embezzling his employers' funds, where it was claimed that he had failed to account for certain checks given him by customers, defendant offered in evidence certain deposit tickets, written by himself, and given to the bank when he made deposits to the credit of his employers, on which the nature of the deposit was stated, whether currency, coin or checks, for the purpose of showing that he had accounted for the checks in question. These tickets were used by the bank in writing up its books. *Held* that they were competent for the purpose for which they were offered, being, indeed, the primary evidence of the facts stated thereon.

2. **Evidence:** LETTERS: LETTER-PRESS COPIES. Letter-press copies of letters, like other copies, are not admissible in evidence unless the originals are accounted for, and it is shown that they cannot be produced at the trial. (See opinion for authorities.)

3. **Attorney:** INFIDELITY TO CLIENT IN CRIMINAL CASE: AIDING PROSECUTION: MISLEADING COURT. An attorney is not at liberty, after he has entered the service of a client, to desert him, and take service against him, simply because his fees are not paid. And in this case, a prosecution for embezzlement, where an attorney had served the defendant in a preliminary examination upon which he was discharged, involving, however, the same facts upon which the indictment in this case was based, *held* that he was thereby disqualified to aid the prosecuting attorney upon the trial of the indictment; and, having misled the court as to the facts when his appearance for the state was objected to by the defendant, *held* that, when the facts were fully disclosed upon a motion for a new trial, such motion should have been sustained.

The State v. Halstead.

*Appeal from Union District Court*—Hon. John W. Harvey, Judge.

Monday, December 12.

Defendant was convicted upon an indictment for embezzlement, and now appeals to this court.

*Maxwell & Leonard*, for appellant.

*A. J. Baker, Attorney-general*, for the State.

Beck, J.—I. The defendant was employed by the National Lumber Company, and had charge of its business at

1. EMBEZZLEMENT: evidence: bank deposit tickets written by defendant.

Creston. His duties required him to make sales of lumber, receive payments made to the company in the course of its business at Creston, make payments and remittances as required in the proper management of the business, and make daily written reports to the company by letter addressed to its place of business in Chicago. The evidence tends to show that all the money received by the defendant was not accounted for by him; the *shortage* being a considerable sum. Certain persons who had purchased lumber of defendant, as agent of the company, made payments therefor to defendant, which, it is claimed, were not entered upon the company's books at Creston, nor reported by defendant.

II. The defendant offered in evidence certain "deposit tickets" which were *memoranda* of deposits made by him to the credit of the company in a bank, wherein it kept an account. The tickets were in defendant's handwriting, and showed the amounts deposited, and the funds deposited as currency, coin and checks. They were given by him to the bank at the times the deposits were made, and were retained by the bank. They were used as *memoranda* from which the bank's books as to deposits were written up. The defend-

ant insisted that the tickets tended to show that certain sums paid to him by checks, which the evidence of the state tended to show were not accounted for, were in fact deposited in the bank to the company's credit. The evidence was objected to on two grounds: (1) The tickets are secondary evidence, the books of the bank being primary. (2) They are in defendant's own handwriting. It seems that the tickets, as they are the *memoranda* from which the books were written, were in fact the primary evidence, the very first paper showing the correct transaction recorded in the books. They were surely competent, as tending to show the amounts deposited, the dates thereof, the funds deposited as checks or cash, all of which, doubtless, would tend to show whether defendant had deposited the funds he had received from the parties making payments to him. We are not to inquire as to the weight of the evidence, but simply to determine its competency. The fact that they were written by defendant does not affect their character as evidence. The bank, by accepting them and entering their contents in its books, adopted them as correct statements of transactions noted therein. We think the district court erred in excluding them.

III. The state introduced letter-press copies of letters, containing the reports of the defendant to the Chicago office

2. EVIDENCE: letters: letter-press copies. of the company. The state made no effort to show that the original letters could not be produced. The letter-press copies are *but copies*, and cannot be introduced if the originals be unaccounted for, and it is not shown that they could not have been produced at the trial. (*Burlington Lumber Co. v. White Breast Coal & Mining Co.*, 66 Iowa, 292; *Hill v. Aultman*, 68 Id., 330; *Delaney v. Errickson*, 10 Neb., 492; S. C., 6 N. W. Rep., 600; *Ward v. Beals*, 14 Neb., 144; S. C., 15 N. W. Rep., 353; *Foot v. Bentley*, 44 N. Y. 166; Whart. Crim. Ev., [8th Ed.] § 160.)

IV. The bill of exceptions found in the record recites

proceedings had upon the trial in the following language.

**3. ATTORNEY: infidelity to client in criminal case: aiding prosecution: misleading court.** "On the 18th day of May, 1886, when this cause was called for trial, and when the jurors were drawn by the clerk, and had taken their seats in the jury-box, J. P. Flick, district attorney for the Third judicial district, arose, and, addressing the court, stated that he desired to have the name of James G. Bull, an attorney and member of the bar of Union county, then present, entered upon the record as appearing for the state in connection with the district attorney in the prosecution of said cause. Thereupon the defendant, E. O. Halstead, arose and, addressing the court, objected and protested against the appearance of said attorney Buel as a prosecutor in the case, and stated, in substance, that Mr. Bull had been his attorney in the preliminary examination held before a justice of the peace at a previous time when he had been arrested under the same charge, and that he had continuously counseled and consulted with said Bull as his attorney in relation to his defense up to within a few weeks of the present term of this court. Thereupon said Bull, attorney, arose and stated to the court that he had at one time been the attorney of Mr. Halstead in a case, but that it was another and different case from the one now about to be tried. The court thereupon, in substance, said that Mr. Bull's having been his attorney in another case than this would make no difference, and noted his name on the docket as appearing for the state, and ordered the impaneling of the jury to proceed, and said Bull continuously from that time to the close of the trial actively participated in the trial in behalf of the state, and the said Bull alone, as the attorney for the state, had charge of the state's resistance and objections to defendant's motion for a new trial; that during the whole of said trial said Bull, as attorney, examined and cross-examined the larger portion of the witnesses for the state, and took generally a leading part in the prosecution of said case."

V. In the motion for a new trial, which was overruled,

the defendant bases an objection to the judgment on the grounds of the misconduct of Mr. Bull in appearing against defendant in the prosecution of the case, and in misleading the court, when the objection was made against his appearance, by the statement that he had been defendant's attorney in another and different case. We think the district court erred in not sustaining the motion on these grounds. Mr. Bull, in his statement taken upon the hearing of the motion for a new trial, states that he appeared for defendant upon a preliminary examination, upon the charge of embezzlement for which defendant was indicted in this case. The defendant was discharged upon the preliminary examination. He states, in effect, that the discharge was upon technical grounds, and for the further reason that, as the lumber company had . charged to defendant upon its books the amount of his defalcation, it had recognized him simply as a debtor, who was liable only in an action to recover the debt. He declares that he obtained no knowledge of any secrets of defendant's connected with the case, and that he withdrew from it for the reason that defendant failed to pay him fully for his services, and that he informed defendant in their last interview that he would not further act as his counsel. The defendant, in an affidavit in support of the motion, makes statements in conflict with those made by Mr. Bull in his testimony.

The courts will give approval in no degree to the conduct of Mr. Bull, as stated and explained by himself. Attorneys at law are not mere mercenaries, who may desert the cause of those for whom they are enlisted, and take service on the other side, for no other reason than that their fees are not wholly paid. They are not bound to serve those who will not pay them, and may withdraw from the service of such; but they cannot take employment on the other side. The reason of this rule is found in the relation of attorney and client, which is one of confidence and trust in the highest degree. The attorney becomes familiar with all facts connected with his client's cause; he learns from his client the weak points

of the case, as well as the strong ones. Such knowledge carried by the recalcitrant attorney to the other side would be the sure means of defeat and injustice to the client. If attorneys are authorized, after employment, to take retainers from the other side, the exercise of this authority would be the means of oppression through which clients could be coerced into payment of extortionate fees; and the profession of the law would be brought into disgrace by permitting those who pursue it to take advantage of the secrets of litigants, obtained while the confidential relation of attorney and client existed. The members of the profession must have the fullest confidence of their clients. If it may be abused, the profession will suffer by the loss of confidence of the people. The good of the profession, as well as the safety of clients, demands the recognition and enforcement of the rules we have stated. (*Henry v. Raiman*, 25 Pa. St., 354; *Gaulden v. State*, 11 Ga., 47; *Wilson v. State*, 16 Ind., 392; *Price v. Grand Rapids & Ind. R'y Co.*, 18 Ind., 137; *Herrick v. Catley*, 1 Daly, 512; *In re Cowdery*, 10 Pac. Rep., 47; Weeks, Attys. at Law, § 120; Whart. Crim. Ev., § 498.)

VI. No other conclusion can be reached upon the consideration of the bill of exceptions and Mr. Bull's evidence as above stated than that he misled the court below by the statement that he had not been employed in the case before the court. While the statement may possibly be technically true, it doubtless led the court to the belief he had not been so employed by defendant; that he did acquire or could have acquired, through the relation of attorney and client, knowledge of the defense which could be unprofessionally and dangerously employed against defendant in the prosecution of this case. Yet, in fact, while the proceedings upon the indictment and those upon the information constituted different cases, the facts and the charge in each were the same, and the same line of defense was or could be pursued in both. The relation of attorney and client existed with its

concomitants of confidence and trust equally in both cases, and in each demanded that defendant should disclose to Mr. Bull all facts connected with the charge against him. It is plain that the ethics of the profession forbid that the knowledge of facts obtained from defendant in one case by Mr. Bull should be used against defendant in the other; but in withholding a full statement of facts when the objection was first made, the court below was doubtless misled into permitting him to appear in the case as an attorney for the prosecution. On this ground the district court should have granted a new trial.

Other questions urged by counsel need not be considered, for the reason that they will not necessarily arise upon another trial. REVERSED.