LOUIS BRADFORD, APPELLANT, V. EMILY C. PETERSON, APPELLEE.

[FILED JULY 2, 1890.]

**Mechanics' Liens:** WIFE'S PROPERTY: AGENCY OF HUSBAND. Where a husband erects a dwelling on land the title of which is in the name of his wife, and she is aware that such building is being erected and in some cases gives directions to the workmen, the agency of the husband will be presumed and the property will be subject to a mechanic's lien.

APPEAL from the district court for Douglas county. Heard below before WAKELEY, J.

*Congdon, Clarkson & Hunt,* for appellant, cited : *Collins v. Megraw,* 47 Mo., 497; *Anderson v. Armstead,* 69 Ill., 453; *Jones v. Pothast,* 72 Ind., 158; *McCormick v. Lawton,* 3 Neb., 452.

*Albert Swartzlander, contra,* cited: *Doolittle v. Goodrich,* 13 Neb., 296; *Willard v. Magoon,* 30 Mich., 273; *Newcomb v. Andrews,* 41 Id., 518; *Laur v. Bandow,* 43 Wis., 563; *Flannery v. Rohrmayer,* 46 Conn., 558; *Wendt v. Martin,* 89 Ill., 139; *Price v. Seydel,* 46 Ia., 696; *Jones v. Walker,* 63 N. Y., 612; *Spinning v. Blackburn,* 13 O. St., 131; *Wright v. Hood,* 49 Wis., 235.

MAXWELL, J.

In May, 1887, Edward T. Peterson and Emily C. Nelson were engaged to be married. Peterson caused plans to be prepared for the construction of a dwelling house in which they would live when married, and submitted the same to Miss Nelson. When the plans were submitted, it had not been determined on what particular lot the house should be erected, but it was Peterson's intention to secure

a lot for the purpose, which, by virtue of its location or otherwise, after the erection of the house, he could easily dispose of. Peterson was a real estate dealer, and had in his hands for sale, as the agent for one Hobbie, lot 17, in block 16, in Hanscom Place, an addition to the city of Omaha. After consulting with Miss Nelson, he, for her, on June 2, 1887, purchased the lot in question, the consideration being the sum of $2,500. This deed was drawn by Peterson and executed by Hobbie. The grantee named in the deed was Miss Nelson. About $800 in cash was paid down. Of this amount, something like $300 was contributed by Miss Nelson, and the remainder of the cash payment, $500, by Peterson. Miss Nelson assumed the payment of a mortgage made by Hobbie to one Palmer, and gave to Hobbie notes secured by a second mortgage for the balance of the consideration. Four days after the purchase of the lot, and on June 6, 1887, Peterson contracted in his own name with Nielson & Baxter for the erection of a house upon the lot in accordance with the plans submitted to Miss Nelson. Immediately thereafter Nielson & Baxter undertook the erection of the house. Both Peterson and Miss Nelson visited the house while in course of construction. Prior to its completion, and on August 10, 1887, Peterson and Miss Nelson were married. After their marriage their visits to the house were repeated, and on one occasion Mrs. Peterson inquired of a workman concerning the construction of the pantries. In the early part of September, 1887, the house was completed, and Mr. and Mrs. Peterson moved into the same. Nielson & Baxter were not paid by Peterson; and learning that the title to the lot stood in the name of Mrs. Peterson, on the 5th day of October, 1887, they filed their lien, setting forth that they constructed the house under and by virtue of a contract made with Peterson as the agent of Mrs. Peterson, and with her knowledge and consent. Nielson & Baxter purchased the lumber that was used in the construction of

7

the house from Louis Bradford, and on the 8th day of November, 1887, as security for Bradford's claim against them, assigned the lien to him.

While the Petersons were living in the house, Mrs. Peterson and her husband joined in a deed of conveyance of the property to Peterson's father as security for money advanced by him for Mrs. Peterson by way of payment of one of the notes which was assumed or made by Mrs. Peterson, and for money advanced to Peterson. This deed was never recorded. Pending this action Mrs. Peterson died and left, surviving her, an infant daughter.

The court below held that in the construction of the house Peterson was not his wife's agent and that Bradford was not entitled to a lien upon the premises. Bradford appeals.

In a number of cases this court has held that where a husband constructs a house on the land of his wife, of which fact she has full knowledge, the agency of the husband will be presumed; in other words, the wife, by her silence where she should speak, in effect admits that the work is being done for her benefit. (*McCormick v. Lawton*, 3 Neb., 449; *Scales v. Paine*, 13 Id., 521; *Howell v. Hathaway*, 28 Id., 807.) The wife must be aware while a building is being erected upon her land that it is being erected for her benefit, and that mechanics and mateterial men who contribute to the erection of the building are entitled to compensation for such labor and material, and honesty and fair dealing require that, as she knowingly receives the benefit, she shall take the burden with it. The property in question is subject to the mechanic's lien.

The judgment of the district court is reversed and a decree will be entered in this court for the plaintiff.

JUDGMENT ACCORDINGLY.

THE other judges concur.