MINARD ROBERTS, and others, *vs.* ABBIE HARTFORD.

Androscoggin.   Opinion May 31, 1894.

*Husband and Wife.   Agency.   Issues of fact.*

When a husband has the general management of his wife's property, and, with her knowledge, orders lumber which is used in the erection or repair of buildings upon her land, a jury will be justified in finding that her husband acted as her agent.

In all such cases, the question of agency should be submitted to the jury.

ON EXCEPTIONS.

This was an action of assumpsit to recover the price of certain lumber alleged to have been sold and delivered to the defendant through her husband. A nonsuit was entered on the ground that the husband's agency was not established sufficiently to warrant a verdict for the plaintiffs.

It appeared from the evidence that some twelve days had elapsed between the delivery of the first and last load of lumber which was used to repair the buildings of the defendant's homestead.

The husband of the defendant was called as a witness by the plaintiffs and testified in part as follows:

"Ques. You did it entirely on your own responsibility? Ans. Yes, sir. She perhaps knew I was going to buy; perhaps she did afterwards. . . .

"Ques. You never had said a word that you were going to put an addition on to the barn? Ans. I might have spoken of it.

"Ques. Did you not tell her you were going to buy lumber to do it with? Ans. I might have said I was going to.

"Ques. Did she consent to those additions? Ans. She said nothing about it."

*Frank L. Noble*, for plaintiffs.

Ratification of an unauthorized act of an agent will be implied if the principal accepts the benefits of the agent's act. *Hastings* v. *Bangor House*, 18 Maine, 436 ; *Verrill* v. *Parker*, 65 Maine, 578 ; *James* v. *Bixby*, 11 Mass. 37.

If a principal does not in a reasonable time, after actual or presumed notice of his agent's act, disavow it, a presumption of assent and ratification will arise. Story on Agency, 9th Ed. § § 90, 353, *et seq. Thayer* v. *White*, 12 Met. 343 ; *Wright* v. *Boynton*, 37 N. H. 9 ; *Johnson* v. *Wingate*, 29 Maine, 404 ; *Saveland* v. *Green*, 40 Wis. 431.

It was not necessary for the plaintiff to prove an express assent of the defendant in order to enable the jury to find a previous request on her part; they may infer it from her knowledge of the transaction and her silent acquiescence. 2 Greenl. Ev. § 103.

When a husband acts for his wife in the management of her estate and his actions naturally tend to accomplish her known wishes in regard to it, it needs but little evidence to warrant an inference that the action was authorized by her. *Simes* v. *Rockwell*, 156 Mass. 373 ; *Arnold* v. *Spurr*, 130 Mass. 347 ; *Wheaton* v. *Trimble*, 145 Mass. 345 ; *Tuttle* v. *Howe*, 100 Am. Dec. 205.

The repairs made and the additions built were in the improvement of the defendant's property and as such would naturally tend to accomplish her known wishes.

The following facts and circumstances are all competent to be submitted to the jury, and combined they are sufficient to warrant a verdict for the plaintiffs. (1.) The husband assumed to act as manager of the estate. This is of itself some evidence that he was acting in behalf of his wife, the owner of the estate. *Arnold* v. *Spurr*, 130 Mass. 347. (2.) The defendant was living with her husband in the house upon which the lumber was

to be used. *Westgate* v. *Munroe*, 100 Mass. 228. (3.) The lumber went to the defendant's benefit. (4.) She had knowledge that it was thus furnished. (5.) No measures were taken by her to show that, although she was receiving the benefit of the lumber, she was not liable for the cost of it. *Verrill* v. *Parker*, *supra* ; *Arnold* v. *Spurr*, *supra*.

The conclusions are inferences of fact to be submitted to the jury. Cases, *supra*; *Phila. etc. R. R. Co.* v. *Crowell*, 70 Am, Dec. 128.

*Newell and Judkins*, for defendant.

The propriety of granting a nonsuit is to be determined by the following rule of law : "If the party having the burden of proof upon an issue necessary to the maintenance of an action introduces no evidence which, if true, giving to it all of its probative force, will authorize the jury to find in his favor, the judge may direct a verdict against him." *Heath* v. *Jaquith*, 68 Maine, 433 and cases cited.

*Ferguson* v. *Spear*, 65 Maine, 277, is decisive of this case. In that case plaintiffs sold and charged to the husband building materials for the price of which they sued the wife claiming a a lien. Plaintiff there insisted, as they do in this case, that, the building being on the real estate of the wife, "the husband in purchasing materials for their erection must be regarded as her agent."

In *Stevens* v. *Mayberry*, 82 Maine, 65, the court refused to charge a wife for grain purchased by her husband to feed her horses, and cite and approve *Ferguson* v. *Spear*, *supra*.

*Verrill* v. *Parker*, 65 Maine, 578, is quite different. That was an action to recover for labor expended upon a building belonging to the wife, on verbal contract with the husband, without mention being made as to whom the credit was to be given. The labor was done under the inspection and to the approval of the wife. In such case the wife was justly charged.

The Massachusetts cases do not essentially differ from the Maine decisions.

*Arnold* v. *Spurr*, 130 Mass. 347, the case leaning most strongly towards plaintiff's contention, does not sustain it. In

that case, the presiding judge directed a verdict for defendant (held error) where it appeared that the husband, "had the management of said property of his wife, the defendant, and gave all necessary directions and orders regarding the same."

The cases of *Dyer* v. *Swift*, 154 Mass. 159 ; *Wheaton* v. *Trimble*, 145 Mass. 345 ; *Jefferds* v. *Alvard*, 151 Mass. 94 ; *Lovell* v. *Williams*, 125 Mass. 439 ; and *Westgate* v. *Munroe*, 100 Mass. 227, are cases in harmony with *Verrill* v. *Parker*, 65 Maine, 578, and do not necessarily conflict with the law clearly expressed in *Ferguson* v. *Spear, supra*.

Counsel also argued : There is no direct evidence of agency on the part of the husband. Agency cannot be inferred simply from the marital relation, ownership of the buildings by the wife, and use of the lumber.

SITTING : PETERS, C. J., WALTON, FOSTER, WHITEHOUSE, JJ.

WALTON, J.    When a husband has the general management of his wife's property, and, with her knowledge, orders lumber which is used in the erection or repair of buildings upon her land, a jury will be justified in finding that the husband acted as her agent.

In *Wheaton* v. *Trimble*, 145 Mass. 345, the husband and wife both testified that he was not her agent ; but on cross-examination the wife admitted that her husband had managed the property just as he did when it was his ; that she had allowed him to go ahead and do just as he pleased with the property ; and that ever since it had been in her name he had managed it just as he did before ; and the court held that considering the relation which she bore to her husband and to the estate, and that she must have known that the labor which was being performed upon her house would be for her benefit,— a finding that the husband was acting as her authorized agent was not unreasonable.    To the same effect is *Arnold* v. *Spurr*, 130 Mass. 347.

The fact that the credit may have been given to the husband is not important.    It was early settled in this State that, if an agent purchase goods on his own credit without disclosing his

principal, to whose use the goods are applied, the principal, being afterwards discovered, is liable to the seller for the price of the goods. *Upton* v. *Gray*, 2 Maine, 373.

There is considerable conflict in the authorities as to what shall be considered sufficient evidence of a husband's agency. In some of the cases it is held that the mere fact that the wife allows her husband to take the general control and management of her property carries with it sufficient evidence of an implied authority to keep it in repair and to make such additions to it as may be necessary for its convenient use. Others hold that this is a doctrine dangerous to the rights of the wife. To this it is replied that any other doctrine is dangerous to the rights of creditors. In *Verrill* v. *Parker*, 65 Maine, 578, this court held that where the plaintiff had performed labor in the erection of a building upon the wife's land under a contract with the husband, both husband and wife were liable, the husband, because he admitted his liability; the wife, because the labor was done upon her property, and for her benefit, and "before her eyes." On the whole, it is the opinion of the court that it is best in all such cases to leave the question of agency to the jury; that in most cases, they will be likely to decide truthfully as well as equitably.

In this case, the plaintiff was nonsuited by the presiding justice. We think the case should have been submitted to the jury. *Exceptions sustained.*