# CHARLESTON.

## MILLIGAN v. ALEXANDER.

Submitted February 20, 1912. Decided June 17, 1913.

1. MECHANICS' LIENS—*Improvement of Wife's Land—Agency of Husband.*

   If a husband contracts, in his own name, with the knowledge of his wife, for the erection of a building on her land, and the work is carried on also with her knowledge and consent, she will be presumed to have constituted her husband her agent, and her property is liable to a mechanic's lien for such improvement. (p. 616).

2. SAME.

   Proof that the wife was frequently present, in company with her husband, while the building was being erected, and on one occasion gave directions, or made suggestions, as to how a certain part of the building should be constructed, is sufficient evidence that she consented to have the building erected. (p. 616).

Appeal from Circuit Court, Pocahontas County.

Bill by J. W. Milligan against Eliza Alexander. Decree for plaintiff, and defendant appeals.

*Affirmed.*

*L. M. McClintic,* for appellant.

*Price, Osenton & Horan,* for appellee.

WILLIAMS, JUDGE:

J. W. Milligan sued Mrs. Eliza Alexander in the circuit court of Pocahontas county to enforce a mechanics' lien against a lot of ground and a building erected thereon by him, situated in the town of Marlinton. From a decree granting relief to plaintiff defendant has appealed.

The amount of the lien claimed is $1,050.93. The defense is, (1) that defendant did not contract for the erection of the building and did not authorize anyone else to do so as her agent; and (2) that the building was not put up in a workmanlike manner. The court scaled plaintiff's account because of imperfect work, and bad material used, and decreed a lien upon the property for the sum of $910.43, and also decreed that it be sold to satisfy the lien, if not paid in sixty days.

The contract for the erection of the building was oral and was made by said Milligan with John Alexander, husband of defendant. The case turns upon this question: Was her husband defendant's agent in making the contract?

A mechanics' lien is a creature of statute, and in order to obtain such lien the requirements of the statute must be complied with. A builder can not have a lien simply by erecting a building on the land of another, independent of contract. The work must be done "by virtue of a contract with the owner or his authorized agent." Sec. 2, ch. 75, Code (1906). Defendant and her husband both testified that she did not authorize him to contract for the building. The building was erected for a bowling alley and is occupied by Dwight Alexander, defendant's son, free of rent. The contract price was $1,500, but plaintiff claims that he did extra work in putting up an addition to the building, which made his account amount in all, to $1,738.03. Partial payments were made in June and July, 1909, amounting to $736.10.

Milligan testifies that Mrs. Alexander was present a good deal of the time when the contract was being made; that she said to him, on one occasion when the work was going on, "we are having the building put up on Dwight's account, he wants to keep on with the amusement business;" and that she was present, at the building, when the agreement was made to put up an addition to it, for a boiler room, and made suggestions in regard to the manner of its construction. Concerning this

latter fact Milligan is corroborated by L. W. Herold who was present and heard the conversation. Mrs. Alexander denies that she was present when the original contract was made, but admits that she was present when the contract for the boiler room was made, and that she was at the building with her husband frequently when the house was being erected. She denies giving instructions, or making suggestions in regard to the building of the boiler room. The chancellor had to determine the facts upon the conflicting testimony of the witnesses, and we can not say that his finding, which must have been that the facts were as Milligan had testified, is erroneous. Then, do the facts and circumstances prove agency of the husband? We think they do. It is true that agency of the husband will not be presumed from the marital relations alone. Boisot on Mechanic's Liens, sec. 227; *Rust-Owen Lumber Co.* v. *Holt*, 60 Neb. 80, 83 Amer. Rep. 513. But the agency may be established by circumstantial evidence, and we think the facts and circumstances are such as to warrant the conclusion that, in making the contract with Milligan, John Alexander acted as agent for his wife. Certainly such view is consistent with justice. Mrs. Alexander knew that her husband had contracted for the erection of the building on her lot, and she did not object to it. The building was going up in sight of her dwelling house, and she was frequently present while the work was going on. In view of what was said and done by her husband and plaintiff, in her presence and with her knowledge, she is presumed to have authorized her husband to act as agent for her in the premises. The property in question is Mrs. Alexander's separate estate, and the statute, sec. 3, ch. 66, Code (1906), permits her to contract freely with reference to the improvement of it, and it would be inequitable and unjust, under the circumstances shown to exist in this case, if she should be permitted to reap the benefit of plaintiff's labor without consideration. That she derives no revenue from the building is not material. Her son is occupying it free of rent, but he does so with her consent. She has the right to demand rent, and can not complain because she is getting no revenue from it.

"Proof that the wife knew of the work ordered by her husband while it was being done, and gave direction to the mechanics about it, has usually been considered sufficient to show

that the husband acted as the wife's agent." Boisot on Mechanic's Liens, sec. 277. The rule stated in the text is supported by the following cases: *Bradford* v. *Peterson,* 46 N. W. 220; *Rand* v. *Parker,* 73 Iowa 376, 35 N. W. 493; *Whealon* v. *Trimble,* 145 Mass. 345, 14 N. E. 104; *Schmidt & Smith* v. *Joseph,* 65 Ala. 475; *Collins* v. *McGraw,* 47 Mo. 495; *Leisse* v. *Schwartz,* 6 Mo. App. 413; *Bodey* v. *Thackara,* 143 Pa. St. 171.

Under circumstances similar to those disclosed in the case under review, some courts hold that the wife is estopped to deny that a mechanics' lien was thereby created upon her separate estate. *Schwartz* v. *Saunders,* 46 Ill. 18; *Greenleaf* v. *Beebe,* 80 Ill. 520. The same result is reached, whether the wife is made liable by estoppel or on the score of agency, presumed from her knowledge of and acquiescence in, the improvement made on her land by her husband. Inasmuch as the statute gives a married woman the right to contract for the improvement of her property as freely as if she were a *feme sole,* we think it is more consonant with reason to hold her liable on the ground of her husband's agency. Such view also harmonizes with the great majority of the decisions.

There is a good deal of testimony tending to prove that some of the work on the building was not done in good workmanship style, and the court was justified in scaling plaintiff's demand on account of it. We find no error in the decree and will affirm it.

*Affirmed.*