HATTIE CARPER, Appellee, v. T. M. RIDPATH et al., Appellants.

EVIDENCE: Lost Writing—Secondary Evidence—Duplicates—Notice
1  to Produce. ''Notice to produce'' is essential to the introduction of secondary evidence of a written contract, only a part of which is produced, both parties having had a duplicate copy at the time of execution.

EVIDENCE: Written Contract—Merger of Prior Oral Talk. Oral
2  understanding, in the absence of fraud or mistake, is merged in a contract reduced to writing.

CONTRACT:    Adoption—Partial Loss of Paper—Construction of 3 Part Produced. The construction of a writing, only a portion of which is before the court (the oral evidence of the lost part being incompetent), must be confined to the portion properly before the court. In instant case, the portion of writing before the court *held* to confer no right of inheritance.

*Appeal from Audubon District Court.*—HON. O. D. WHEELER, Judge.

WEDNESDAY, DECEMBER 16, 1914.

PROCEEDING for specific performance of a contract to adopt a minor, and to establish the right of the child alleged to have been adopted to share in the property of the parent, who is deceased. Decree was entered for the plaintiff, and defendants appeal.—*Reversed* and *Remanded.*

*Mantz & White,* for appellees.

*L. T. Shangle* and *J. M. Graham,* for appellants.

WITHROW, J.—I. Hattie Carper, the appellee, claims in this proceeding an interest in the property of Joseph Ridpath and Rebecca Ridpath, both deceased, under an alleged contract to adopt, made between them and Alice Johnson, mother of appellee, at a time when Hattie was about four years old. The mother had been abandoned by her husband, and was at the time with relatives in Mahaska county, near New Sharon, which was also the neighborhood residence of the Ridpaths. The trial court found that plaintiff, appellee, had been taken into the home of the Ridpaths under an oral agreement that they would legally adopt the child, and that, in consideration of such agreement, the mother, Alice Johnson, surrendered the minor child to them; and, because of such agreement, it was decreed that the appellee was entitled to share as a child in the respective estates of Joseph Ridpath and Rebecca Ridpath. No appeal is taken by the representative of the estate of Rebecca Ridpath. This appeal is by the defendants, heirs of Joseph Ridpath, from the decree against them, finding that

Hattie Carper, because of the contract to adopt, is entitled to share in his estate.

II. The petition of plaintiff alleges an agreement in parol between Alice Johnson and the Ridpaths in substance as has been stated. It also alleges that, a few days after such agreement and after the child had gone into the Ridpath home under it, a written instrument, represented to Alice Johnson as being a contract for adoption, was presented to her for signature, which instrument contained the terms and conditions of the previous oral agreement; that she signed it upon the representation that it was a contract of adoption between herself and the Ridpaths. She alleges that she was unable to set out a copy of the written contract. By amendment to petition, an oral agreement between Rebecca Ridpath and Alice Johnson was alleged, substantially as claimed for the joint agreement. The reliance of the appellee as against both parties was upon a contract or contracts to adopt, with part performance, and not upon any valid act of adoption as required, it being conceded that such was not done. The case is planted upon authorities which hold that a contract for adoption which is insufficient may be specifically enforced, where part performance is shown, so as to secure to the child its interest in the estate of the adoptive parents. *Chehak v. Battles,* 133 Iowa 107; *Stiles v. Breed,* 151 Iowa 86; *Anderson v. Blakesly,* 155 Iowa 430.

During the examination of Alice Johnson, mother of appellee, she testified to the execution of a contract between herself and Joseph Ridpath, to which Rebecca Ridpath was 1. EVIDENCE : lost not a party, and there was offered in connecwriting : secondary evidence: duplicates : notice to produce. tion with her testimony a fragment of the original instrument, or its copy, it having been shown that they were executed in duplicate. That part of the instrument which was offered in evidence was as follows:

"The better maintenance and care of said minor child Hattie E. Johnson hereby relinquishes all right of pos-

session, care, and control of the person of said minor child until she shall attain the age of legal majority to the said Joseph Ridpath, party of the second part, in consideration of which the said party of the second part agrees to keep said Hattie E. Johnson, the minor aforesaid, in proper and sufficient food, board, clothing, schooling, medicine, and medical attendance needful for the said minor during her minority as by law specified.

"Said party of the second part is to teach said minor the arts and mysteries of housekeeping and domestic service in the way calculated to render her fit for the purposes of life during the term of said Hattie E. Johnson's majority aforesaid.

> "Mrs. Alice Johnson,
> "Joseph Ridpath,
> "By C. J. Dodd, His Attorney."

Upon the introduction of this paper, defendants amended their answer and pleaded that the child was given a home by the Ridpaths, furnished with board and clothing, medical attention, and was taught housekeeping under a written agreement entered into between Joseph Ridpath and Alice Johnson.

Mrs. Johnson was permitted to testify, relative to this paper, that it was but a part of the instrument which was executed; that it was headed "Adoption Papers of Hattie Johnson," and she gave oral testimony as to contents of the lost part of the instrument, which, in effect, as stated by her, covered all the requirements of a complete article of adoption, had it met the legal requirements of signing and acknowledgment. Hattie Carper was also permitted to testify that she saw the paper when she was a child, and that it was headed "Adoption Papers of Hattie Johnson." All of this evidence was objected to as incompetent, it having been shown that the instrument was executed in duplicate; that one copy had been taken by Alice Johnson and the other retained by Joseph Ridpath; and that no steps had been taken as required by statute to secure the copy held by the opposite party or his representatives, or

to show that it had been lost. The evidence as to the alleged oral agreement between the Ridpaths was also objected to as incompetent, as it appeared that it had been merged in the written contract. These objections and the record on this point present the controlling question on this appeal.

While it may not be claimed that the written contract, a part of which was introduced, was sufficient in form to constitute a valid adoption, it would be competent as determining the rights of the parties, where part performance had been shown, no question that it was signed by both parties as their agreement being raised; and, whatever the previous talk or understanding, the true agreement must be determined from the writing, when it covers the same subject-matter. *Kelly v. C., M. & St. P. Ry.,* 93 Iowa 436, 445, and cases cited.

2. EVIDENCE: written contract: merger of prior oral talk.

Where a contract in writing is shown to have been lost or destroyed, and cannot be produced, parol evidence of its contents is admissible, as secondary evidence, the best proof being not obtainable. Underhill on Evidence, Sec. 126; *Brier v. Davis,* 122 Iowa 59.

But before secondary evidence can be admitted to prove the contents of a written instrument, where, as in this case, it is shown that a duplicate was held by the opposite party, or by the predecessor in right as ancestor of the opposite parties, notice to produce such must be first given. The object of the notice is twofold, that opportunity may be given to search for the original and bring it into court, and also that they may be enabled to anticipate and meet proof of its existence. *Lumber Co. v. Coal Co.,* 66 Iowa 292; *Gafford v. Mortgage Co.,* 77 Iowa 736.

The agreement having been shown to be in duplicate, both copies, in legal effect, were originals. *Missouri Pac. Ry. v. Heidenheimer,* 82 Tex. 195; *Loan & Trust Co. v. Codington County,* 9 S. D. 159; 14 Cyc. 1122.

The steps necessary to the introduction of parol proof of

a part of the written contract were not taken, and the evidence admitted upon that question was not competent.

In her evidence the witness Alice Johnson stated that the agreement between them had been reduced to writing, and the paper offered was a part of it. She also testified that it was stated to her at the time that the written paper contained the agreement which she claims had previously been made, and that she did not read it. The proof upon this branch of the case is not sufficient to establish fraud or mistake, and the rights of the parties must depend upon the written agreement, if proven; for it was the summing up of all previous talk.

3. CONTRACT: adoption : partial loss of paper : construction of part produced.

The part of the written contract which was introduced in evidence is incomplete, yet from its terms may readily be ascertained an agreement and obligation on the part of Joseph Ridpath to perform certain duties in caring for the minor child, which were wholly consistent with the relations between them, and did not amount to an adoption or a contract which would afford rights of inheritance. This was in line with what is shown by some of the evidence, which, while not controlling, serves by way of explanation. Mrs. Ridpath was a second wife and childless. She desired this child as her own. Her husband had children by a former marriage, and, while willing to care for the minor, did not wish to adopt her. That scrap of the written agreement which is before us is in full harmony with that purpose.

But, as we view the case, it must depend upon the terms of the written agreement. That which was introduced confers no rights of inheritance. Parol proof as to the part alleged to have been lost was not competent; and the finding of the trial court as to an oral agreement binding upon the estate of Joseph Ridpath is without sufficient support. No appeal having been taken as to the claim of interest in the estate of Rebecca Ridpath, the decree as to that branch of the case cannot be disturbed. That part of the decree establishing in plaintiff, the appellee, a share in the property of Joseph Ridpath is reversed,

and the cause is remanded for decree in conformity with this conclusion.—*Reversed* and *Remanded.*

Ladd, C. J., Deemer and Gaynor, JJ., concur.