# Richmond

ELIZABETH N. LITTREAL, ET AL., TRADING, ETC. v. SARAH E. HOWELL, ETC.

March 5, 1962.

Record No. 5369.

Present, All the Justices.

Case submitted on brief for plaintiffs in error.

*Lawrence C. Musgrove; William J. Lemon; Martin, Martin & Hopkins,* for the plaintiffs in error.

No brief or argument for defendant in error.

I'ANSON, J., delivered the opinion of the court.

Elizabeth N. Littreal and Mason H. Littreal, trading as Mason H. Littreal Electrical Contractor, the plaintiffs, brought this action against Sarah E. Howell (formerly Mrs. Lynn Hansplant), the defendant, to recover the sum of $682 alleged to be due on a verbal contract made by the defendant's husband for the installation of an electrical heating system in a new house constructed on her land. Trial by jury was waived and the trial court, after hearing the evi-

dence, entered judgment for the defendant and we granted plaintiffs a writ of error.

The question presented by the plaintiffs' principal assignment of error is: Do the facts and circumstances establish that the defendant's husband was acting as her agent when he entered into the contract, thereby making her personally responsible for the cost of installing the heating system in a house under construction on her land and for her benefit?

The material and controlling facts, which are not in conflict, show that the defendant was the owner of 51 acres of land in Botetourt county upon a part of which her husband undertook to construct a house. In the early part of July, 1959, the defendant's husband contacted the plaintiffs' salesman and requested him to make an estimate of the cost of installing electric heat in the house under construction. An estimate was prepared and given to the defendant's husband while he and she were standing outside of the house. The defendant and her husband walked into the house while the salesman remained outside, and after some time the husband returned and told the plaintiffs' salesman to have his company proceed with the work.

The salesman later saw the defendant in Roanoke and he said to her that he was glad she and her husband had decided to install electric heat in their new home. Whereupon the defendant replied, "Well * * * [my husband] is so set on having it, I guess we will go ahead with it."

When the plaintiffs' mechanics arrived at the house on July 7, 1959, to install the heating system they found the defendant there. She went through the house with them, pointing out where she wanted each heating duct placed, and the work was done pursuant to her instructions.

When there was no response to bills sent to the defendant and her husband the office manager of the plaintiffs drove to the defendant's home to inquire about payment. Upon his arrival there he was told by the defendant that she and her husband were separated and that he had left town, but that she had a sale for the property and would pay the bill as soon as the property was sold.

There was evidence on behalf of the defendant that her husband spent some of her money in the construction of the house; that prior to the letting of the contract to the plaintiffs she had requested another heating contractor to give her an estimate for the installation of oil heat; and that the reason she had agreed to the installation

of the electric instead of an oil heating system was that her husband told her he would pay for it.

The plaintiffs were never advised by the defendant that her husband alone would be responsible for the payment of the bill.

It is true that it cannot be presumed from the marital relationship alone that a husband is the agent for his wife. *Painter* v. *Lingon*, 193 Va. 840, 847, 71 S. E. 2d 355, 359. But the agency of the husband for the wife may be established by proof of such facts and circumstances as will authorize a reasonable and logical inference that he was empowered to act for her. *Thompson* v. *Thompson*, 171 Va. 361, 372, 198 S. E. 897, 901; *Milligan* v. *Alexander*, 72 W. Va. 615, 79 S. E. 665, 666, 4 A. L. R. 1022, 1024; 9 Mich. Jur., Husband and Wife, § 82, pp. 571, 572; 41 C. J. S., Husband and Wife, § 70, pp. 547-550.

In *Thompson* v. *Thompson*, *supra*, the husband negotiated a verbal contract for the sale of his wife's land and she contended that he was not authorized to act for her. In decreeing specific performance of the contract this Court held that the evidence showed that the wife had constituted her husband as her agent because she not only had actual notice of the transaction but participated in it by her acquiescence, consent and approval. 171 Va. at pp. 368, 372, 198 S. E. at pp. 899, 901.

In *Milligan* v. *Alexander*, *supra*, the husband contracted in his own name for the erection of a building on his wife's land, with her knowledge and consent, and she was frequently present while the building was being erected. On one occasion she gave suggestions and directions to mechanics constructing the building. The Court held that the evidence was sufficient to show that she had impliedly constituted her husband as her agent, or at least acquiesced in his contract before and while the work was being performed, and the property was liable to a mechanic's lien for such improvement. 79 S. E. at p. 666, 4 A. L. R. at p. 1024.

In 26 Am. Jur., Husband and Wife, § 232, at p. 842, it is said:

"On the one hand, the view has been taken that such agency of the husband may be established by, or inferred from, her active supervision and control of the making of the improvement, from the facts that she assented to a contract made by her husband for materials to be used in such improvement or repair and knowingly received them and assented to their application to her property, from the facts that he contracted in his own name, with her knowledge, for the

erection of a building on her land, and the work was carried on also with her knowledge and consent, from the fact that a husband entered into a contract for an improvement on the land of his wife with her knowledge and she participated in conversations with the contractor as to the work at the time that it was being done, from the facts that the wife knew of the conduct of the husband and that he had previously transacted similar business in her behalf, or from the fact that a husband had the general management of his wife's real estate and, with her knowledge, ordered material which was used in the erection or repair of buildings thereon. The fact that the contract or purchase was not in accord with her private wishes does not relieve her from liability, especially where her objections were not made known to the person furnishing the material or services. * * * "

The text is supported by citing numerous cases. For cases holding the same view, and others taking a contrary view under certain distinguishing facts, see Annotation in 4 A. L. R. 1025, beginning at p. 1035.

In the present case the house was constructed on the wife's land and she permitted her husband to use her money to pay a part of its costs. She was present when the estimate for the installation of the electric heat was presented, and with full knowledge of the proposal acquiesced in, consented to and approved the contract before and after it was awarded and while the work was being performed. The bill for the materials and work furnished was charged to both the defendant and her husband, and at no time did she advise the plaintiffs that her husband alone would be responsible for its payment. Her several acts in connection with the installation of the heating system indicated that she had more than a "wifely interest" in the construction of the house. Moreover, the defendant recognized that she was a party to the contract when she stated that she would pay the bill when the house was sold.

The facts and circumstances conclusively establish that the defendant's husband was authorized to act as her agent. Furthermore, it would be inequitable and unjust for her to reap the benefits flowing from her acts without incurring the obligations of the contract.

For the reasons stated, the judgment of the court below is reversed and, the amount of the plaintiffs' claim not being in dispute, judgment is here entered for the plaintiffs against the defendant in the amount of $682, with interest from July 7, 1959. See Code § 8-493.

*Reversed and final judgment.*