## CIRCUIT COURT OF WASHINGTON COUNTY

Hugh L. Clark,
d/b/a Shiloh Steel Co.

v.

J. D. Sanders et al.

March 13, 1987

By JUDGE CHARLES H. SMITH, JR.

I have reviewed the pleadings and exhibits filed herein along with the authorities cited and have considered the evidence and argument of counsel presented on March 6, 1987. In consideration of all of which the court finds as follows: that there is no dispute that the plaintiff did perform the work in question for the defendants on real estate owned by them in Washington County; that there was a written contract for the work which was signed only by Mrs. Sanders; that one-half of the contract price has been paid and the other one-half is being withheld by the defendants who claim faulty construction; that a Mechanic's Lien has been recorded by the plaintiff on the property which is held as tenants by the entirety.

The defendants claim that the Mechanic's Lien is invalid and should be dismissed since property held as tenants by the entirety cannot be subjected to the debts of only one party. The plaintiff counters that, while only Mrs. Sanders signed the contract, she was, at least by implication, acting as agent for Mr. Sanders as well.

The undisputed testimony is that, while Mrs. Sanders made the actual contract with the plaintiff concerning the work, both defendants were present during all negotiations, both made suggestions concerning the work and both were present on each of the eight or nine days it took

to complete the work. The work was done on a building that housed Mr. Sanders's business, and he was, in fact, working in the building while the plaintiff's construction progressed. The court is of the opinion that these undisputed facts do clearly present an agency relationship by implication and/or acquiescence.

> [T]he agency of the husband for the wife may be established by proof of such facts and circumstances as will authorize a reasonable and logical inference that he was empowered to act for her. (*Littreal v. Howell*, 203 Va. 394).

In the case of *Milligan v. Alexander*, 72 W. Va. 615, 79 S.E. 665, which is cited with approval in the *Littreal* decision, in facts strikingly similar to the case before the court, the court ruled that:

> the evidence was sufficient to show that she had impliedly constituted her husband as her agent, or at least acquiesced in his contract before and while the work was being performed, and the property was liable to a mechanic's lien for such improvement.

It would be inequitable and unjust for Mr. Sanders to reap the benefits flowing from Mrs. Sanders's acts without incurring the obligations of the contract.

The defendants further contend that the Mechanic's Lien is invalid and should be dismissed because of the plaintiff's failure to comply with the licensing and registration requirements of Chapter 7 of Title 54 of the Code. The applicable section relied upon by the defendants, Section 54-142, makes it a Class 1 misdemeanor for a contractor to fail to comply. The section further provides, however, that the contractor's failure to comply cannot be accepted as a bar to recovery if the contractor has given substantial performance, "*in good faith and without actual knowledge of the licensure and registration requirement of this article.*" The evidence is undisputed that substantial performance has been made and there is no evidence of bad faith. The only remaining question is whether the plaintiff had *actual* knowledge of the re-

quirements. The plaintiff testified that he had no such knowledge. His son, who works in the business, also so testified. The plaintiff, while admittedly an experienced contractor of many years, is licensed only in and has his principal place of business in Tennessee and has performed only a couple of jobs in Virginia. It seems unlikely that such an experienced contractor would have intentionally neglected the relatively inexpensive and simple licensure requirements had he been aware of the very substantial punitive and economic risk he was taking.

For the reasons stated, the court will deny the Motions to Dismiss.