Fenton v. Way.

FENTON V. WAY ET AL.

1. **Tax Sale:** REDEMPTION. A tax deed, made after the owner had paid to the clerk the amount necessary to redeem from the sale, is unauthorized and void. The failure of the clerk to notify the treasurer will not defeat the redemption.

2. ———: DEED: EVIDENCE. A tax deed is only *prima facie* evidence that the taxes had not been paid before sale or the land redeemed from sale, and the establishment of either fact will defeat it.

3. ———: DEED: ISSUED BY MISTAKE. Where a tax deed was issued by mistake after redemption, and the purchaser had paid subsequent taxes, he was held to be entitled to recover the taxes so paid with six per cent. interest thereon, tender of the same having been made by the owner.

*Appeal from Hardin District Court.*

THURSDAY, MARCH 18.

THIS is a suit in equity to set aside a tax deed made by the treasurer of Hardin county, upon a tax sale of the land of the plaintiff. The cause was tried by the court, and a decree rendered dismissing plaintiff's petition, from which he appeals. The further facts appear in the opinion.

*Huff & Reed* and *E. W. Eastman*, for appellant.

*Porter & Moir*, for appellee.

MILLER, CH. J.—I. The record shows that the plaintiff, on the 19th day of October, A. D. 1854, became the owner, from the United States, of the east half of the southeast quarter, and the southwest quarter of the southeast quarter, and the southeast quarter of the southwest quarter of section one, township eighty-seven north of range nineteen west of the 5th P. M. Three forty acre tracts of this land were sold October 1st, 1860, for the taxes of 1859, and the whole of the four forties were sold on the 7th day of July, 1862, for the delinquent taxes of 1861.

On the 17th day of July, 1862, the plaintiff, who then resided in Wisconsin, applied to the treasurer of Hardin

county to pay the taxes on his lands, and learned that they had been sold as above stated. He thereupon applied to the clerk to redeem from said sales, and paid to the clerk the amount stated by him to be necessary to redeem all the lands sold, from each of the sales, whereupon the clerk made and delivered to him certificates of redemption, purporting that the lands above described had been redeemed, etc. The land in controversy, to-wit: the northeast quarter of the southeast quarter of section 1, township 87, range 19, had been sold at the tax sale in 1862 to Aaron Porter, while other portions had been sold to L. F. Wisner. In making out the certificate of redemption of the east half of the southeast quarter of section one, in the township and range before mentioned, which contains the tract in controversy, the treasurer described it all as having been sold to L. F. Wisner, and he also failed to note in the proper book that the tract sold to Porter had been redeemed. Hence, while the plaintiff had in fact redeemed the forty sold to Porter, and it was included in the certificate of redemption, made and delivered by the clerk to the plaintiff, the tax records did not show the redemption. At the expiration of three years, the treasurer executed and delivered to Aaron Porter a tax deed for this tract. Aaron Porter subsequently conveyed to John Porter, who conveyed to L. E. Campbell, and he to the defendant, Way.

It is insisted by appellee's counsel that, since there was nothing of record showing a redemption of the land, and the defendant having purchased the same without notice of the fact, he should be protected against plaintiff's title, the plaintiff having been in fault in permitting his land to be sold for taxes.

The evidence makes it entirely clear that plaintiff in good faith redeemed the land from the tax sale, within the time given by the law to do so. Indeed, the redemption was made within ten days after the sale. The land having been redeemed from the sale, the deed made thereafter by the treasurer was without authority of law, and passed no title to the purchaser. *Noble v. Bullis*, 23 Iowa, 559; *Gray v. Coan*, Ibid., 344; *Rice v. Nelson*, 28 Id., 148, 152;

1. TAX SALE: redemption

*Walton v. Gray*, 29 Id., 440. The statute confers no authority upon the treasurer to make and deliver a deed for land sold for taxes, unless such land remains "unredeemed" at the expiration of three years from the date of the sale. Revision, Sec. 781. The deed is made only *prima facie* evidence that

2. ——: deed : the land was not "redeemed from the sale at the
evidence.        date of the deed." It is also but *prima facie* evidence that the taxes had not been paid before sale. Revision, Sec. 784. It may, therefore, be shown to defeat the effect of the deed, either that the taxes had been paid before sale, or that the land had been redeemed from the sale at the date of the deed. The establishment of either fact will defeat the title under the tax deed. And it is the *fact* that the taxes were paid before sale, or that the land had been redeemed, that operates to defeat the deed, and not the entry of the fact upon the tax books. Every one who takes a tax deed, or purchases a tax title, does so subject to these statutory conditions. The statute notifies him that the tax deed is only *prima facie* evidence of certain facts essential to the validity of the tax title, which facts may be overthrown by evidence, and the title thereby defeated.

The failure of the clerk to make the proper entry in his books when the land was redeemed, or to notify the treasurer of such redemption, will not invalidate the redemption. Nor will the fact that the clerk has failed to pay over the redemption money to the person entitled thereto, operate to defeat the effect of the redemption. The plaintiff did what the law required of him in order to redeem his land from the tax sales. He applied and paid to the proper officer the amount of money required by him to redeem, and received from the officer the certificate prescribed by the law, showing redemption of the land. After this the treasurer had no power to make a deed upon the sale that would pass any title in the land redeemed.

II. The defendant, Way, sets up a counter-claim against the plaintiff for subsequent taxes paid by him on the land, with penalties and interest, and also for the value of improvements made thereon by him.

Plaintiff, in his replication, admits some of the items of

taxes paid subsequent to redemption, and offers to pay the same with interest, but without penalties, and brings the money into court for that purpose. Plaintiff denies the making of improvements by Way, also that he is entitled to recover therefor, and claims rents and profits, etc.

The issues thus made have not been discussed by counsel; therefore, without determining whether defendant would be entitled to recover for improvements, or the plaintiff for rents and profits, under the facts and circumstances of the case, finding that, under the evidence, the value of the improvements made by defendant, and the value of the use thereof for the time he has been in possession, to be about equal, no allowance will be made to either party therefor. The defendant, Way, will be entitled to the money deposited with the clerk by plaintiff to reimburse him for taxes paid. We find that under the evidence this sum is all that the defendant is entitled to, namely, the taxes paid with six per centum interest. The land having been redeemed before the payment of these taxes, no penalties are recoverable. We do not decide that taxes paid by a purchaser at a tax sale, *after* redemption from the sale, may or may not be recovered back from the owner; but since plaintiff has offered to pay such taxes with interest thereon, and has paid the money to the clerk, the defendant is entitled thereto.

A decree in favor of plaintiff in conformity with this opinion, will, if he so elect, be entered in this court, or, if not, the cause will be remanded to the court below where such decree will be entered.

Reversed.