## CORBIN v. STEWART.

1. **Tax Sale:** REDEMPTION: MISTAKE OF AUDITOR. A payment to the auditor by the owner of land sold for taxes of the amount necessary to redeem from the sales of two years, has the effect to redeem from both sales, notwithstanding the auditor fails to issue a certificate showing a redemption from both, and the treasurer executes a deed under the sale not recited in the certificate.

*Appeal from Sioux Circuit Court.*

MONDAY, OCTOBER 23.

ACTION for the recovery of forty acres of land based on a tax sale and deed. There was trial by the court, judgment for plaintiff, and defendant appeals.

*Swan & Fawcett*, for appellant.

*J. J. Bell*, for appellee.

ROTHROCK, J.—The defendant was the owner of the patent title to the land. It was sold by the treasurer on the 1st day of February, 1869, to one Eli Johnson for delinquent taxes of 1867. It was also sold to the plaintiff's grantor on the 1st day of November, 1869, for the delinquent taxes of 1868. On the 17th day of May, 1870, the defendant applied to the county auditor to redeem the land, and paid him $26.83, which was the proper amount necessary to redeem from both sales, and also to pay the tax of 1869. The auditor issued to defendant a certificate which on its face purports to be a redemption from the sale made to Johnson, but it includes the taxes of 1868 and 1869, with thirty per cent penalty and ten per cent per annum interest, and designates the taxes for those years as having been paid by the tax sale purchaser. This was a mistake; Johnson had not paid the subsequent taxes of 1868 and 1869, but the land had been sold to plaintiff's grantor for the taxes of 1868.

In our opinion the payment by the defendant to the auditor of the amount necessary to redeem from both sales was in

effect a redemption from both sales, whether the auditor issued proper certificates or not. The obligation upon the defendant was to pay the proper amount of money, and it was no part of his duty to aid the auditor in making the certificate, or in correcting any mistakes he may have made in keeping his books. If the owner of the land performs his duty he should not be deprived of his land by reason of the neglect of the officer to pay over the money to the party entitled thereto, or because of mistakes in issuing the proper certificate. *Fenton v. Way*, 40 Iowa, 196.

The money was in the hands of the auditor for the plaintiff's grantor, and he should have taken the redemption money. He had no right to take the treasurer's deed, for the reason that the proper amount for redemption was paid to the proper officer within the time fixed by law for redemption.

There are other points made in the case, but finding as we do that the land was redeemed within three years from the date of the sale, it is not necessary that they be noticed.

REVERSED.