JAMES H. EASTON, Appellant, v. JANE F. DOOLITTLE, *et al.*

**Equitable Redemption from Tax Sale:** NEGLIGENCE OF REDEMPTIONER An owner of land, who, though offering to pay the taxes thereon, which were refused by the treasurer, through mistake, on the ground that they had been previously paid, knew of the sale of the land for non-payment of such taxes before the expiration of the time for redemption, and failed to redeem, is guilty of negligence which will defeat his recovery, in an action in equity, brought thereafter, to be allowed to redeem.

*Appeal from Howard District Court.*— HON. W. A. HOYT, Judge.

SATURDAY, DECEMBER 12, 1896.

ACTION to quiet title and redeem from a tax sale of land. Judgment for defendants, and the plaintiff appealed.

*Barker & Upton* for appellant.

*H. T. Reed* for appellees.

GRANGER, J.—This action was originally commenced in 1876, to quiet the title to forty acres of land. Since, there have been changes as to parties and the subject-matter so that it now stands as an action to permit redemption of, and quiet the title to, the southwest quarter of section 5, township 98, range

13, in Howard county, Iowa. In 1870 this land was sold for the taxes of 1869. The petition represents that in 1870 the plaintiff, who then owned the land, applied to the treasurer of Howard county to pay the taxes on the land for the year 1869; that the treasurer informed him that the taxes were already paid; that an examination of the books showed that the taxes were so paid; that plaintiff then offered to pay the taxes, which the treasurer refused; that thereafter the treasurer erased the credit for said taxes on the books of his office, and, in October, 1870, sold said land for the taxes of 1869. It is charged that the sale of the land in question, with other lands, was a "ring sale," or a sale made under a combination of bidders to prevent competition, and hence fraudulent. It further appears, from the petition, that changes have been made in the ownership of the tax-sale interest, not important to be noticed here. The answer puts in issue the averments of the petition, except. as to the tax sale and conveyance of the land thereafter; and it is alleged that, as early as 1871, and long before the expiration of the period of redemption, the plaintiff knew the land had been sold for the taxes of 1869, and negligently failed to. redeem the same from said sale; and it is said that he is now estopped to claim any right or title in said land. It is undoubtedly true that plaintiff intended, and attempted, to pay the taxes in 1870, for the year for which the land was sold. It is quite apparent that the reason for not paying them was that, by some mistake, an entry had been made on the books of the treasurer showing the taxes paid on that land when they had not been paid, which led to the refusal of the treasurer to receive the taxes from the plaintiff. It was when the mistake was discovered that the treasurer erased the credit and sold the land for delinquent taxes. Up to this point, the equities are strong in favor of the

plaintiff. He had done all that he could well do, and
the fault was not his that the taxes were not paid.
However, he knew that he had not paid the taxes, and
it was morally certain that the credit was there by
some mistake. We go to the full extent that the
plaintiff can well ask if we say that, so long as the
credit stood, and until he had notice that it no
longer stood, he was protected from further diligence
or duty in the matter. That the plaintiff had knowl-
edge that the land had been sold for taxes, before the
time of redemption expired, there is little room for
doubt. In fact, it is practically confessed. He was a
witness, and said: "Can't tell, now, when I first
learned that the land was sold for taxes, I knew it in
1875. Q. Will you testify that you did not know it in
1871? A. No, sir; I will not. I am not able to state
now, when and how I learned that this land was sold
for taxes. I have dealt in Howard county tax lands
to a considerable extent, and was in Howard county
in 1869 and 1870 and 1871, looking after my land
interests there. I do not remember that I knew this
land was sold for taxes before the redemption expired,
but I take it for granted that I did." The witness
takes for granted just what the record would justify
the court in finding, as a conclusion from the record,
that, in the nature of things, he had such knowledge
because of his presence and dealings with tax
lands in the county during the years of the period of
redemption, and the peculiar facts as to this land. If
he had such knowledge, and failed to redeem, what is
the rule of law applicable? We do not undestand it to
be now claimed that there should be a decree for plain-
tiff except on condition that he redeems. The case of
*Harrison v. Owens*, 57 Iowa, 314 (10 N. W. Rep. 674), is
one for permission to redeem and have the title qui-
eted; and the right was refused under a better show-
ing, as to diligence, than in this case, for in that case

there was something of an effort to redeem, while in this there was none, and there is no excuse offered. The issue as to such negligence is plainly made, so that the opportunity was given to excuse the neglect, if it could be done. The case of *Playter v. Cochran*, 37 Iowa, 258, is also in point. It involves the right to redeem and have the title to land quieted after the period of redemption. In that case the land-owner supposed he had paid the taxes, and under that supposition, he let the period of redemption pass, without even knowing of the sale. It is said in the opinion that "omitting to perform some act which the law enjoins upon a party is usually termed 'negligence,' against the consequences of which courts of equity do not relieve the negligent party." This case is clearly within that rule, for there is the neglect, with knowledge of the fact of sale, to do what the law enjoined. It will be seen that *Town Company v. Davis*, 44 Iowa, 622, *Fenton v. Way*, 40 Iowa, 196, and such like cases, are not in point. This case is ruled alone on the neglect of the party asking relief. In those cases the neglect was that of the officer.

As to the sale being fraudulent, because of a combination of bidders, we think the evidence comes short of showing the fact. But a single witness testifies to the fact of a combination, and that only from recollection after a lapse of about twenty-two years. He was at the tax sales in the county from 1868 to 1872, and there is no claim of such a combination at all of them. In fact, at a part of the sale for 1870, there was competition. Others, who were at these sales from 1868 to 1872, are witnesses in the case for plaintiff, but do not give evidence on that point. Some of the reasons given for the recollection of the witness do not seem to be sustained. While it is not to be said that the witness is mistaken, it should be said that, in view of the burden being with the plaintiff

to show the fraud, the evidence of it is too uncertain. The treasurer of the county at the time, who conducted the sale, was a witness for plaintiff; and, while he knows of bidding being by turns at some of the sales, it appears that it was not so done at all times, and he cannot fix the November sale of 1870 as one at which it was done. In view of the doubts in this respect, the fact is of some importance that, after about sixteen years from the commencement of this suit, and after repeated changes of the petition, the fact as to the fraud is first pleaded. It is not pretended that these combinations or frauds were secretly carried out, but, on the other hand, the proceedings were open and notorious, and must have been so known as not to be in any sense concealed frauds. The judgment is AFFIRMED.