MENASHA WOODEN WARE COMPANY, Appellant, vs. HARMON, Respondent.

*March 27—April 17, 1906.*

*Best evidence: Letter-press copies: Tax titles: Attempt to redeem: Error of county clerk: Constructive redemption.*

1. Original letters and letter-press copies thereof are not regarded as duplicates, and such copies are not admissible in evidence where it is not shown that the originals are not in existence or cannot be produced, even though it appears that they were written to a third person and are not in the possession or under the immediate control of the party offering the copies.
2. Where the failure to redeem lands from a certain tax sale was as much due to the fault and neglect of the redemptioners in failing to call the attention of the county clerk to such sale as it was to the fault of the clerk in omitting that sale from his statement of the amount required to redeem, it was error to hold that there had been a constructive redemption from that sale.

APPEAL from a judgment of the circuit court for Langlade county: JOHN GOODLAND, Circuit Judge. *Reversed.*

Action in equity to quiet plaintiff's title to the southeast quarter of section 10, township 33, range 13. The land, now in Langlade county, was formerly included in Oconto, and thereafter in Shawano, county. The complaint alleges that the plaintiff is a duly organized corporation of this state and is the owner in fee simple of this land, and that defendant claims to own an interest therein adverse to the plaintiff, and prays judgment that its title be established against any claim of the defendant, and that he and those claiming under him be barred from having or ever claiming any right or interest in the land adverse to plaintiff, and that he be directed to release all claim to the same. Defendant denies that the plaintiff is the owner of the land as averred, and alleges that he owns it in fee through conveyances forming a complete chain of title, beginning with the patent title. He also alleges that plaintiff's title is based on certain tax deeds, and

that the land was redeemed from the tax sales upon which such deeds were issued, and he demands judgment establishing his title against the claim of plaintiff, and that it be barred from having or claiming any right or title to the land adverse to him, and that it release all claim thereto.

The court tried the action and found that on the 4th day of April, 1881, G. W. Washburn was the owner of the land, and that he and his wife, Sarah P. Washburn, on that day, in consideration of love and affection, and as a gift, conveyed these premises and other lands to their daughter, Clara W. Morgan, in trust for the use and benefit of her children, Mary, and Franklin B. Morgan, born, respectively, December 27, 1877, and December 20, 1880, and that this trustee and her children conveyed this land to the defendant October 21, 1903, to secure him for money advanced to redeem it from outstanding taxes, tax certificates, and tax deeds. It appears that the land had been sold for delinquent taxes for nearly all of the years from 1878 to 1899, the year wherein redemption was made for Mary Morgan. The evidence shows that G. W. Washburn acted for the trustee and beneficiaries under the trust deed. He was the original owner of the land, and had knowledge that the taxes levied after 1876 and prior to the date of the trust deed (April 4, 1881) had not been paid by him or any one on behalf of the trustee and the beneficiaries, and he had good grounds for apprehending that no one had paid the taxes levied upon the land after the delivery of this trust deed and up to the year 1899, when he, as agent of the trustee and beneficiaries, took steps to redeem from all tax sales. There was no actual redemption from the sale of 1880 as to the land in question. The court found that the failure to redeem from the sale of 1880 was due to the omission of the county clerk to include it in the statement he furnished in response to Mr. Washburn's letters asking for the amount which would be required to redeem this and other lands in 1899 and 1902. It is shown that Mr. Washburn had per-

sonal knowledge that no taxes had been paid on this land since 1876; that before asking for this statement from the county clerk in November, 1899, he had secured an abstract of title which contained a reference to the tax deed under which plaintiff acquired its title; that he did not examine the clerk's statement to ascertain what descriptions it covered and for what years the taxes were included; and that he did not compare the contents of the statement with the abstract to ascertain if all the delinquent taxes shown by the abstract were included. He concedes that he did not compare the clerk's statement or the redemption receipts with the abstract to ascertain whether all descriptions and sales were included. It seems that the clerk's omission was due to a change in the office practice, the clerk no longer referring to the original book entries showing sales for delinquent taxes to ascertain the years and amounts for which lands were sold, but using a "tax abstract" compiled in the clerk's office and including no sales prior to 1883. The original books showing the sale of 1880 were, however, readily accessible, and the entries of such sales were easily found by the clerk when called for. Mr. Washburn did not call the clerk's attention directly to the fact that he wished to redeem from the sale of 1880 when he called for a statement of the amounts due or when he remitted the taxes and charges pursuant to such statement.

The court held that there was a constructive redemption, and that plaintiff had no title or interest in the premises, and awarded judgment establishing defendant's title and for costs. This is an appeal from such judgment.

For the appellant there were briefs by *Greene, Fairchild, North & Parker,* and oral argument by *J. R. North.* They argued, among other things, that the failure to redeem from the sale of 1880 was due to the negligence of the redemptioners and not to the exclusive fault of the county clerk. In all of the Wisconsin cases where a constructive redemption or payment has been upheld, the landowner, in applying to the

public officer, has specified the year which he wished to pay the tax for or redeem from. *Randall v. Dailey,* 66 Wis. 285; *Gould v. Sullivan,* 84 Wis. 659; *Nelson v. Churchill,* 117 Wis. 10, 13. If the landowner knows of a sale which the officer has overlooked and fails to apprise him of it, he cannot claim the benefit of the rule. His own negligence will defeat him. *Easton v. Doolittle,* 100 Iowa, 374; *Noble v. Bullis,* 23 Iowa, 559; *Bray & Choate L. Co. v. Newman,* 92 Wis. 271, 276; Cooley, Taxation (2d ed.) 540, 541; *Lamb v. Irwin,* 69 Pa. St. 436, 443; *Harrison v. Owens,* 57 Iowa, 314.

For the respondent the cause was submitted on the brief of *Hume & Oellerich,* attorneys, and *Barbers & Beglinger,* of counsel. They contended, *inter alia,* that there was a constructive redemption from the sale of 1880. Washburn in behalf of the minors sent more money than necessary to redeem from this sale and deed to the county clerk of Shawano county. The excess, $33.13, the clerk returned to Washburn, stating that he had made redemption from sales of 1884 and 1885, which were the only sales of these lands in Shawano county. See *Loomis v. Pingree,* 43 Me. 299; *Hand v. Auditor-General,* 112 Mich. 597, 71 N. W. 160; *Wood v. Bigelow,* 115 Mich. 123, 73 N. W. 129; *Hough v. Auditor-General,* 116 Mich. 663, 74 N. W. 1045; *Kneeland v. Hyman,* 118 Mich. 56, 76 N. W. 127; *Hoffman v. Auditor-General,* 136 Mich. 689, 100 N. W. 180; *Tacey v. Irwin,* 18 Wall. 549; *Merton v. Dolphin,* 28 Wis. 456; *Bubb v. Tompkins,* 47 Pa. St. 359; *Dietrick v. Mason,* 57 Pa. St. 40; *Gould v. Sullivan,* 84 Wis. 659; *Randall v. Dailey,* 66 Wis. 285; *People ex rel. Cooper v. Registrar,* 114 N. Y. 19; *Hintrager v. Mahoney,* 78 Iowa, 537; *Pottsville L. Co. v. Wells,* 157 Pa. St. 5; *Lewis v. Monson,* 151 U. S. 545; *Nelson v. Churchill,* 117 Wis. 10; Cooley, Taxation (2d ed.) 367; *Gage v. Scales,* 100 Ill. 218; *Martin v. Barbour,* 34 Fed. 701.

A brief was also filed by *Reid, Smart & Curtis, amici curiæ.*

SIEBECKER, J.   The court received letter-press copies of letters in evidence over objection.   An exception is urged to this ruling.   The copies received were of letters Mr. Washburn had sent to the county clerk asking for a statement of all unpaid taxes on the lands involved.   They were objected to upon the ground that there was nothing to show that the originals were not in existence and that they could not have been produced if proper steps for their production had been taken. The circumstances do not disclose but that the originals were in existence in the custody of the county clerk, and under a proper subpœna could have been brought into court.   True, defendant shows that they were not in his possession or under his immediate control; but, although the right to subpœna the custodian and to demand their production for the purposes of evidence is not questioned, he failed to do so.   Under such circumstances no proper foundation is shown entitling him to offer copies as the best obtainable evidence on the subject.   *Newell v. Clapp,* 97 Wis. 104, 72 N. W. 366; *Diener v. Schley,* 5 Wis. 483.   The original letters and letter-press copies are not regarded as being duplicates.   2 Wigmore, Ev. § 1234, subd. 2, and note 3; *State v. Halstead,* 73 Iowa, 376, 35 N. W. 457; *Seibert's Assignee v. Ragsdale,* 103 Ky. 206, 44 S. W. 653.

It is contended that the court erred in holding that there was a constructive redemption from the sale of 1880, upon the ground that the evidence is clear that the failure to redeem from this sale is directly attributable to the fault and neglect of Mr. Washburn in his attempt, as agent of the trustee and the beneficiaries, to redeem from all outstanding tax sales and deeds.   From the facts above stated it is clear and without dispute that Mr. Washburn had sole and full charge of the business of the redemption of these lands from the tax sales.   He had personal knowledge of the fact that no taxes had been paid by or for him for some years immediately preceding the trust deed, and that tax deeds had issued on tax

certificates.   He procured an abstract of the title to this land
shortly before he attempted to redeem, and this abstract con-
tained a statement of the tax sale of 1880 and that a tax deed
had issued thereon.   In his request to the clerk for the amount
due for unpaid taxes he included the description in question
with others, without specifying the years for which the lands
had been sold for taxes.   The statement furnished by the
clerk included no sale prior to 1883.   Washburn made no ex-
amination of this statement, nor comparison of it with the ab-
stract in his possession, to ascertain whether it covered and
included all unpaid taxes and sales.   He likewise omitted to
so examine and compare the redemption receipt issued after
payment of the amount specified in the clerk's statement; and
he at no time, until the time for redemption had expired, spe-
cifically brought to the attention of the county clerk the fact
that there had been a sale of this land for taxes in 1880.   It
is manifest that, had he done so, the record of such sale would
readily have been discovered in the records of the clerk's of-
fice.   Under these facts and circumstances it seems obvious
that the failure to redeem from the sale of 1880 was fully as
much due to the fault and neglect of Mr. Washburn as of the
county clerk, and it cannot be said that such failure is wholly
attributable to the mistake and negligence of the clerk.   Mr.
Washburn had personal knowledge that the taxes had not
been paid from a time antedating the trust deed up to the time
when the clerk furnished this statement.   Furthermore, had
he examined the list furnished him, or the redemption receipt,
or compared them with this abstract, he would have discov-
ered the omission and thereby have obviated all liability of a
failure to redeem from this sale.   This conduct established
the failure to redeem as attributable to the neglect of the re-
demptioners.   Under such circumstances the consequences
of such neglect are to be borne by the defendant, upon the
ground that "the case presents no other ground of equity than
would exist in any case where, through inadvertence or mis-

apprehension, the party has failed to assert his right in due season; and he will be left by the law where his own negligence or inattention has placed him." 2 Cooley, Taxation (3d ed.) 1049; Black, Tax Titles (2d ed.) § 362; *Easton v. Doolittle,* 100 Iowa, 374, 69 N. W. 672; *Hollinger v. Devling,* 105 Pa. St. 417. We must hold that the court erred in holding that there was a constructive redemption from the sale of 1880 of the land involved. The plaintiff is the owner of the lands described in the complaint, and is entitled to judgment establishing its title and barring defendant from any right or title thereto.

The other questions presented and argued by counsel for the parties, and by counsel who appeared as *amici curiæ,* are not necessarily involved in a final determination of the rights of the parties, and we therefore express no opinion upon them.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment in plaintiff's favor in accordance with this opinion.

CASSODAY, C. J., took no part.