HILL v. KIMBLE et al.

No. 30955. Dec. 5, 1944.

154 P. 2d 756.

Grester H. Lamar and L. E. Tryon, both of Guymon, and Beth Dale, of Beaver, for plaintiff in error.

G. W. Sawyer and E. F. Ireland, both of Liberal, Kan., for defendants in error.

GIBSON, V.C.J. This action was instituted in the district court of Texas county by Adolph Hill against Martha C. Kimble and others to quiet title to certain land. Judgment was for defendants, and plaintiff appeals.

Plaintiff based his title on a resale tax deed executed by the county treasurer at the 1941 resale. The land was sold in satisfaction of the delinquent ad valorem taxes, penalties, interest and costs for the years 1932 to 1940, inclusive (68 O. S. 1941 §§ 432-432h).

Defendants asserted ownership of the premises as heirs of the deceased record owner and alleged that the defendant Martha C. Kimble as the widow of said owner had at all times been in possession and occupying the land as her homestead. It was further alleged that the tax deed was void for the reason that the county treasurer was without authority to sell the land at resale on account of the provisions of section 1, art. 29, ch. 66, S. L. 1939, which extended the time of payment of taxes on homesteads for the above years and postponed the delinquent date thereof beyond the date of the present sale.

The trial court held for defendants on that issue.

The record shows that the defendants failed to apply for or to receive homestead exemptions as provided by section 1 of said act. Such failure leaves the homestead subject to tax sale the same as ordinary lands. We so held in Stephens v. Board of County Commissioners, No. 30622, this day decided, 194 Okla. 679, 154 P. 2d 754. That decision is adopted as the law governing the present question.

The trial court held further that the county treasurer was without authority to sell the land by reason of the so-called moratorium tax law of 1941 (Title 68, ch. 11b, page 338, S. L. 1941).

Defendants charged that said statute postponed the delinquent date of all ad valorem taxes on real property for 1940 and prior years. And the trial court agreed.

The statute did postpone delinquent dates as stated, but defendants failed to take advantage of the privilege granted, in that they did not perform the conditions on which the postponement depended and by which the hand of the treasurer was stayed.

Section 1 of the act in question provides in part as follows:

"The owner of, or any person having an interest in, any real estate on which taxes levied for the year 1939 or any prior year or years, are unpaid may pay, satisfy, and discharge such taxes free and clear of all fees, penalties, interest, and costs in full, or in five (5) installments in the following manner:

"The first installment or any multiple thereof, and all taxes for the year 1940 shall be paid before May 1, 1941. . . ."

Defendants failed to pay the first installment on all delinquent taxes, as in the act provided, and all the taxes for the year 1940. The moratorium did not operate unless that condition was performed. When the resale took place on May 12, 1941, defendants had not commenced payments on May 1st as required. That tax sales were not to be postponed in those instances where the landowner had not commenced payment is clearly shown by the provisions of section 3 of the act, which reads as follows:

"The county treasurer shall not sell or offer to sell at a tax sale or a tax resale any real estate for taxes while such taxes are being paid in the manner provided in this act."

By that section the treasurer was prohibited from selling only if the taxes were being paid as provided in the act. Then, a priori, he was to conduct sales as usual in all cases where the taxpayer had not taken advantage of the provisions of the statute.

The judgment is reversed and the cause remanded, with direction to enter judgment for plaintiff.

CORN, C.J., and WELCH, HURST, and DAVISON, JJ., concur. RILEY, OSBORN, BAYLESS, and ARNOLD, JJ., dissent.