STEPHENS v. BOARD OF COM'RS OF PITTSBURG COUNTY.

No. 30622.   Dec. 5, 1944.

Rehearing Denied Jan. 16, 1945.

*154 P. 2d 754.*

E. P. Hill and Geo. L. Hill, both of McAlester, for plaintiff in error.

Tom G. Haile, County Atty., and Ernest W. Thomas, both of McAlester, for defendants in error.

GIBSON, V.C.J. This action was instituted in the district court of Pittsburg county by Jessie W. Stephens against the board of county commissioners of said county to cancel a resale tax deed issued to the county pursuant to the 1940 tax resale (68 O. S. 1941 § 432 et seq.), and to enjoin the board from conveying said property pending trial.

Judgment was for defendant, and plaintiff appeals.

Plaintiff alleged that the property in question was his homestead and had been so occupied by him since 1936; that the resale was for the delinquent taxes for 1929, the delinquent date of which had been postponed until July 1, 1944, by section 1, art. 29, ch. 66, S. L. 1939, thus depriving the county treasurer of authority to sell the premises at the 1940 resale. It was further charged that the defendant board had received from a certain party a bid of $100 for said property and was about to execute and deliver a commissioners' deed in response to said bid.

The cause was submitted on a stipulation of facts and certain additional evidence. The stipulation confirms the allegation as to homestead ownership and occupancy. It was also stipulated that the resale was conducted in all respects as required by law.

The issue as to the power and authority of the treasurer to sell the particular property depended for decision on whether or not plaintiff had brought himself within the protection of the statute, supra, postponing delinquent tax sales.

Section 1 of said act waives, releases,

and cancels all penalties, interest and costs accrued and unpaid upon ad valorem taxes "assessed against homesteads, as defined by House Bill No. 3 of the First Extraordinary Session of the Sixteenth Legislature of the State of Oklahoma, for the year 1937 and all prior years, . . ." and provides that all taxes levied for the year 1934 and prior years shall again become delinquent July 1, 1944. The section then concludes as follows:

"The waiver and cancellation of penalties herein provided shall apply only to homesteads on which tax exemptions are allowed for the year 1939 or the year 1940. In any case where property loses its status as a homestead, as herein defined, the tax shall immediately become delinquent and the penalty shall accrue from the date of such change in status."

House Bill No. 3, mentioned above, now appears as 68 O. S. 1941 § 33 et seq. A homestead is defined in section 1 of said House Bill as follows:

"The term 'homestead,' as used in this Act, shall mean and include the actual residence of a natural person who is a citizen of the State of Oklahoma, provided the record actual ownership of such residence be vested in such natural person residing and domiciled thereon."

It is made clear by the above statutory provisions that unless tax exemptions on homesteads were allowed for 1939 or 1940 pursuant to 68 O. S. 1941 § 33 et seq., the delinquency date was not postponed, and such homesteads remained subject to tax sale as other realty.

The stipulated facts show that plaintiff made no attempt to secure homestead exemption for 1939 or 1940. Nor was an exemption granted for either of those years. There was evidence in the form of a partially erased notation on the assessor's rolls that the exemption had been granted on the property. But that circumstance was of no material consequence. Plaintiff made no request for such exemption as required by 68 O. S. 1941 § 37, and received none. The erased notation was unexplained, and it could serve no purpose.

Plaintiff believes that his failure to apply for the exemption merely amounted to a waiver of the exemption of $1,000 provided for in section 34, and did not deprive the property of its homestead character. He says that the postponement of the delinquent date applied to all homesteads whether exemption was applied for or not.

It is true that section 37 provides that failure to apply shall constitute a waiver of the exemption for the particular year. But we cannot agree with plaintiff's interpretation of the statutes. The plain meaning of the above-quoted paragraph from section 1 of the 1939 Act is that the postponement of the delinquent date does not apply to a homestead unless tax exemptions were allowed thereon for 1939 or 1940 pursuant to 68 O. S. 1941 § 33 et seq.

By reason of plaintiff's failure to so apply for exemptions his homestead remained subject to resale in 1940 for the delinquent taxes of 1929. See Parks v. Clark, 192 Okla. 319, 136 P. 2d 199, wherein it is held that said section 1 of the 1939 Act applied only to homesteads on which tax exemptions are allowed for the year 1939 or the year 1940.

The trial court did not err in holding the resale deed to the county valid under the stipulated facts.

Plaintiff makes the further contention that the resale to the county and the proposed sale by the commissioners to a third party should be treated as analogous to the ordinary sale under execution and be governed by the rules of equity as employed in those cases where the land is sold at such an inadequate price as to be unconscionable. In such cases the landowner is permitted, under certain conditions, and on timely objection to confirmation, to pay off the indebtedness and defeat the sale. Cesar v. Oklahoma Farm Mtg. Co., 188 Okla. 659, 112 P. 2d 800.

Proceeding on that theory, plaintiff

tendered and deposited in court for the use of the county the sum of $100, plus costs, representing the price to be paid the county for the commissioners' deed.

We are aware of no statute or rule of law or equitable principle that would sustain the above position. The former landowner is without remedy against a completed and valid sale of his land for delinquent taxes. Where the resale is made, and statutory time for redemption gone and deed issued, and the proceedings were conducted in due order, as here stipulated, the law affords no relief to the former owner. The statutes close the matter, and declare the title evidenced by the deed to be one in fee simple. Equity cannot ordinarily reach tax sales. They are entirely statutory.

The judgment is affirmed.

CORN, C.J., and WELCH, HURST, and DAVISON, JJ., concur. RILEY, OSBORN, BAYLESS, and ARNOLD, JJ., dissent.