REYNOLDS v. CLEMMENS et al.

No. 32748. June 24, 1947.

Rehearing Denied Sept. 23, 1947.

*184 P. 2d 758.*

C. F. Green, of Ada, for plaintiff in error.

Thompson & Braly, of Ada, for defendants in error.

CORN, J. This is an appeal from a judgment for defendants in an action brought by plaintiff to quiet title to farm land in Pontotoc county.

In view of the single question presented, a detailed recitation of the facts is unnecessary. The land in question was liable for taxes for the years 1932-1944, and was assessed and returned to the county treasurer for collection. The taxes were permitted to become delinquent and the land was advertised for sale at the November, 1942, sale, at which time the land was purchased by the county and a sale certificate issued.

The land was not thereafter redeemed and the county treasurer advertised the property for resale on the second Monday in May, 1945. Plaintiff bid in and purchased the property at this resale, and a resale deed was issued by the treasurer. Plaintiff thereafter commenced the present action against numerous interested parties, to quiet title and for possession of the land.

The record shows that the notice of the resale for 1945, with proof of publication, advertised the property as follows:

"NE SE Section 3, Township 3, Range 8, Salina Colbert, ad valorem years, 1932-1944, sold 11-2-42, total due $137.24."

The land was advertised for the 1945 resale for all taxes. The first publication of the notice of tax resale was made April 12, 1945, and the last publication was on May 3, 1945.

The county treasurer testified that redemption of the property would require $137.83, slightly more (59¢) than defendants had tendered into court, but plaintiff waived this discrepancy. The treasurer further testified that the sale, as advertised, included all taxes due

from 1932-1944, inclusive, and that the last quarter's taxes for 1944, included in the resale, did not become delinquent until May 1, 1945.

The trial court rendered judgment for defendants, canceling plaintiff's tax deed and quieting title in defendants. Plaintiff seeks reversal of this judgment, admitting that his title depends upon the validity of the resale deed which, in turn, raises the question of the notice of the sale and its correctness. Plaintiff asks reversal of the judgment upon the authority of Hill v. Kimble et al., 194 Okla. 579, 154 P. 2d 756, and urges that under this decision all taxes were delinquent on May 1, 1945, and thus subject to inclusion in the May resale.

Our decision in the Hill Case, supra, does not support plaintiff's contention. Therein we held that before a taxpayer could claim the benefit of the so-called moratorium tax law of 1941 (Title 68, ch. 11b, p. 338, S. L. 1941), and before the county treasurer was prevented from selling land at tax sale, the taxpayer had to pay the first installment on his delinquent taxes, together with all taxes for the year 1940. This decision dealt with a situation arising under a special act providing for the moratorium on taxes for 1939 and prior years, and has no application to the present case.

Under the rule announced in Lind v. McKinley, 196 Okla. 4, 161 P. 2d 1016; House v. Mainka et al., 196 Okla. 174, 163 P. 2d 225; Sarkeys v. Evans, 197 Okla. 304, 170 P. 2d 229, and Carman v. McMahan et al., 198 Okla. 367, 178 P. 2d 626, the error in including in the notice of resale all taxes assessed for 1944, when the last quarter thereof was not delinquent at the date of the first publication of the notice of resale, rendered the notice fatally defective and the sale and resale deed based thereon invalid.

Judgment affirmed.

DAVISON, V.C.J., and RILEY, GIB-SON, and ARNOLD, JJ., concur. HURST, C.J., and BAYLESS and WELCH, JJ., concur under the rule of law announced in Lind v. McKinley, supra, and other cases cited herein.

Rehearing Denied Sept. 23, 1947.