CANTRELL v. MARSHALL.

No. 32529.    Sept. 30, 1947.

Rehearing Denied Feb. 10, 1948.

Second Petition for Rehearing
Denied Oct. 5, 1948.

*197 P. 2d 990.*

Champion & Fischl, of Ardmore, for plaintiff in error.

Williams & Williams, of Ardmore, for defendant in error.

GIBSON, J. Defendant in error, Grace A. Marshall, plaintiff below, in June, 1939, acquired title to a 40-acre tract of land located in Carter county at sale in foreclosure of a mortgage she held thereon, and im-mediately went into possession there-of. Previously, on April 17, 1939, the county treasurer sold said land at re-sale to the county for $32.99, that be-ing the amount of delinquent. taxes for prior years, and issued a tax deed therefor to the chairman of the board of county commissioners. On Septem-ber 21, 1939, plaintiff, under authority of 68 O.S. 1941 §432m, paid to the county treasurer the amount required in order to effect a redemption, and received from the treasurer a certifi-cate of redemption as contemplated by the terms of the statute, but failed to have such certificate recorded in the office of the county clerk as required. thereby. Plaintiff continued in pos-session of said land and paid the suc-ceeding years' taxes thereon to and including those for the year 1943.

In April, 1944, plaintiff in error, D. E. Cantrell, Sr., under authority of 68 O.S. 1941 §432j, submitted to the county treasurer a bid for the pur-chase of the land and thereafter, on May 1, 1944, the land was conveyed to defendant by chairman of the board of county commissioners.

Plaintiff's action is to quiet title to the land against claim of defendant and cancel the commissioner's deed as a cloud upon her title. The issue of title turns upon the question whether the effort by plaintiff to redeem was or was not effective to accomplish it. The trial court held that it was and awarded plaintiff judgment, and there-from this appeal is prosecuted.

The issue on appeal depends upon whether the recording of the certifi-cate of redemption in the office of the county clerk is or is not mandatory in order to accomplish the redemption. It is the contention of defendant that such filing is made mandatory by the express terms of the statute, and same not having been complied with the title in the chairman of the board was un-disturbed thereby and hence passed un-der said deed to defendant. It is the contention of plaintiff that the suit is

one in equity and the statute should be liberally construed in favor of the right of redemption and that being so construed redemption was complete. And further that if not complete the forfeiture provided for in the statute was waived by the levying and the acceptance of payment of taxes for succeeding years which could be justified only upon the theory that the title was vested in the plaintiff.

The statute providing for the redemption (68 O.S. 1941 §432m) provides that may be done by paying to the county treasurer on or before the 10th day of December, 1939, the amount for which same was sold at resale and other designated amounts, and further provides as follows:

" . . . such redemption shall be evidenced by a certificate of the county treasurer, which shall recite the description of the real estate, the date of the sale, the date of the resale deed, the name of the purchaser at such resale, that the same has been redeemed, the name of the person redeeming, the amount paid for such redemption, and that such resale and resale deed is fully cancelled; such certificate must be recorded in the office of the county clerk, at the cost of the person redeeming, and shall be void and of no effect unless filed for record on or before the 10th day of December, 1939 . . .

"Redemption under the terms of this Section shall cancel such resale tax deed and re-vest the property so redeemed in the former owners, as fully as though no resale had been held.

"The provisions of this Section shall apply only to the 1939 resale, and shall be strictly construed."

The quoted section being special in its operation, the legislative purpose may be ascertained better by consideration of the general law to which it is an exception. Under the act, of which said special provision is a part, it is provided that where any lands purchased by the county at delinquent tax sale shall remain unredeemed for a period of two years, same shall be sold at a resale to be held in May of each year except that the 1939 resale is to be held in April (68 O.S. 1941 §432). By the terms of 68 O.S. 1941 §432f, it is provided that following each resale the county treasurer who conducts the same shall file a return thereof in the office of the county clerk. It is provided that such return shall be accompanied by a copy of the notice under which sale was had and shall contain a complete minute record of the sale and therein reflect as to each parcel of land sold the time of sale, price paid and to whom sold. It is further provided that within the time the return is to be filed there is to be executed, acknowledged and delivered to the purchaser (which would include the chairman of the board of county commissioners when sold to the county) a deed conveying the premises sold. It is provided that "such notice and return shall be presumptive evidence of the regularity, legality, and validity of all the official acts leading up to and constituting such resale." And, further, that:

"The issuance of such deed shall effect the cancellation and setting aside of all delinquent taxes, assessments, penalties and costs previously assessed or existing against said real estate, and of all outstanding individual and county tax sale certificates; and shall vest in the grantee an absolute and perfect title in fee simple to said lands."

Such legislative purpose may be further seen by contrasting the special act with prior special acts passed to accomplish similar purposes.

Under a 1933 Act (68 O.S. 1941 §430) it was provided that where title yet remained in the county to lands purchased at resale any person having a legal or equitable interest therein could redeem the same by paying to the county treasurer the principal amount of delinquent taxes with interest from date of the sale to the county. Upon such payment being made the treasurer was required to enter upon the list of sales opposite

the tract involved the words "Specially Redeemed," and to deliver to the one redeeming a certificate thereof wherein the board of county commissioners is directed to execute and deliver to the one redeeming a deed conveying the premises so redeemed. By the act it is further expressly provided that after the issuance of such certificate, the land should be placed upon the tax rolls in the name of the person redeeming.

Under an act in 1935 (68 O. S. 1941 §420) it was provided that where the title to lands sold at resale yet remained in the county the last owner or his assigns, etc., should have the right during the remainder of the calendar year 1935 to redeem same by paying to the county treasurer on or before December 31, 1935, an amount similar to that provided in the 1933 law mentioned. It is further provided the treasurer shall thereupon issue his certificate reciting the date of the tax deed and the book and page of its recording, the facts touching the payment of the redemption money and a statement that such deed is no longer of force and effect. And it is further provided that with the execution and recording of such certificate in the office of the county clerk such tax deed shall be no longer of force or effect and it is made the duty of the county clerk to record such certificate upon payment of proper fees therefor.

Unlike the 1933 and 1935 acts, which did not limit the redemption to a particular resale but did limit it to lands purchased and held by the county, the 1939 Act (68 O. S. 1941 §432 et seq.) limits the redemption to a particular resale—that of 1939—and extends its application to sales made to others as well as the county as purchaser.

Although the 1939 Act is like the 1935 Act in requiring recordation of the treasurer's certificate before redemption is effected, there is a marked difference in the methods to be employed. By the terms of the 1939 Act the treasurer's certificate is not re-quired to be acknowledged but a positive duty is imposed upon the county clerk to record same upon payment of the fees therefor. And it is there declared, as hereinbefore noted, that "upon the execution of such certificate and the recording thereof," the tax deed shall be of no further force nor effect and the title to such real estate shall immediately vest in the person redeeming the same. By the terms of the 1939 Act no duty is imposed upon the recording officer preliminary to the redemption. The statute provides that the certificate must be acknowledged by the treasurer and must be recorded at the cost of the person redeeming on or before a given date. And to negative any conclusion that any right to redemption could arise by reason of the certificate unless recorded within the time specified, it is declared that such certificate shall be void and of no effect if not recorded as provided in the statute.

The statute is plain and unambiguous, hence there is no occasion to resort to construction. And the only justification for our reference to the preceding acts is to demonstrate the intent expressed therein by negativing the possibility that the qualifications urged by plaintiff could have existed in the legislative mind.

Under the law the title to lands sold at resale passed to the purchaser and all right, title and interest therein of the previous owner was extinguished. The effect of the special act was merely to afford to the prior owner an opportunity to redeem provided certain things, which are made a condition precedent to the redemption, be done. In the instant case the plaintiff's right to record the certificate was in no wise hindered or impaired by the act of others. Hence, the failure to record, whatever the reason, is in law attributable to the neglect of the plaintiff. Such failure defeats existing equitable rights that are dependent upon the performance. The applicable legal principles are re-

flected in the following from Menasha Wooden Ware Co. v. Harmon, 128 Wis. 177, 107 N.W. 299:

"This conduct established the failure to redeem as attributable to the neglect of the redemptioners. Under such circumstances the consequences of such neglect are to be borne by the defendant, upon the ground that 'the case presents no other ground of equity than would exist in any case where, through inadvertence or misapprehension, the party has failed to assert his right in due season; and he will be left by the law where his own negligence or inattention has placed him.' Cooley on Taxation (3d Ed.) vol. 2, p. 1049; Black on Tax Titles, §362; Easton v. Doolittle, 100 Iowa, 374, 69 N.W. 672; Hollinger v. Devling, 105 Pa. 417."

And the effect of such failure to record upon the rights of the parties is clearly illustrated by Stephens v. Board of Com'rs of Pittsburg County, 194 Okla. 679, 154 P. 2d 754, wherein we said:

"Where the resale is made, and statutory time for redemption gone and deed issued, and the proceedings were conducted in due order, as here stipulated, the law affords no relief to the former owner. The statutes close the matter, and declare the title evidenced by the deed to be one in fee simple. Equity cannot ordinarily reach tax sales. They are entirely statutory."

The contention of the plaintiff that the issue is to be governed by equitable principles is not tenable. We are concerned with determining herein legal rights merely and consequently a situation where equity follows the law. (21 C. J. 195, §184). The contention that the statute is to be liberally construed in order to effect redemption is sought to be supported by our holding in Koehn et al. v. Fluman, 191 Okla. 71, 126 P. 2d 1002. The language there used had reference to a situation wherein the one seeking to redeem was being wrongfully prevented from doing so and thus his right to relief in equity was the issue and has no proper application here where no right to equitable

relief obtains. The effect of such rule would be contrary to the express language of the statute which equity is in duty bound to uphold. The contention that the forfeiture of plaintiff's rights by failure to record the redemption certificate was waived by reason of taxes being assessed upon the property for succeeding years and the acceptance of the payment thereof by the plaintiff is without merit. The redemption not having been effected there was no authority in law for such assessment. Furthermore, the right of redemption had ceased to exist by lapse of the time in which recording of certificate could be had and thus no prejudice to the right of redemption could have risen from the assessment of taxes. Neither the payment by the plaintiff nor the acceptance by the treasurer of an unauthorized tax can revive a right of redemption which by terms of the statute has ceased to exist.

The cause is reversed, with directions to the trial court to deny plaintiff the relief sought and to award defendant judgment for his costs.

HURST, C.J., DAVISON, V.C.J., and RILEY, BAYLESS, and CORN, JJ., concur.