GRUNWALDT, Appellant, v. STATE HIGHWAY COMMISSION and others, Respondents.

*October 1—October 29, 1963.*

154

156

For the appellant there was a brief by *Eisenberg &
Kletzke,* attorneys, and *Edwin A. Star* of counsel, all of
Milwaukee, and oral argument by *Sydney M. Eisenberg.*

For the respondents there was a brief by *John J. Fleming,* city attorney of Milwaukee, and *Ewald L. Moerke, Jr., Harvey G. Odenbrett,* and *Gerald V. Kortsch,* assistant city attorneys, and oral argument by *Mr. Moerke.*

BROWN, C. J. The issues presented to us are:

(1) Whether the condemnation proceedings conducted pursuant to ch. 84, Stats., were valid.

(2) Whether the admission of the copies of the letters was reversible error.

(1) *Validity of Proceedings.*

(a) *Determination of necessity.* The determination of the necessity of taking appellant's property was made by the Highway Commission, and the actual taking of the property was done by the board. At the date of this taking sec. 2, art. XI of the Wisconsin constitution, stated:

"PROPERTY TAKEN BY MUNICIPALITY. *Section 2.* No municipal corporation shall take private property for public use, against the consent of the owner, without the necessity thereof being first established by the verdict of a jury." (This section was amended in April, 1961.)

Appellant contends that because the determination of the necessity here was not done by a jury the proceedings are unconstitutional.

The Highway Commission appointed the board to act as its agent in connection with the acquisition of lands for the project conducted in the city of Milwaukee pursuant to sec. 84.09 (3m), Stats.:

"The commission may order that all or certain parts of the required land or interest therein be acquired for the commission by a board, . . . of the city within whose limits said land is located. . . ."

In *State Highway Comm. v. Grant* (1959), 7 Wis. (2d) 308, 312, 96 N. W. (2d) 346, a similar issue was before us,

and we held that it was not necessary to have a jury verdict for the determination of the necessity of taking because the acquisition of the property was by the Highway Commission and not the city whose board acquires the property. Sec. 2, art. XI, Const., is, therefore, inapplicable, and the determination of the necessity by the Highway Commission was valid.

(b) *Negotiations prior to condemnation.* The testimony of appellant and other evidence shows that prior to the commencement of the condemnation proceedings, John Zukowski, appellant's attorney, by authority from appellant, entered into negotiations by correspondence with J. C. Ryan, purchasing agent of the board. After appraisal of the property, Mr. Ryan offered to purchase it for $25,800, by letter sent to appellant dated June 16, 1958. Correspondence was carried on between Mr. Zukowski and Mr. Ryan but no agreement was reached, so an award was made, and on September 23, 1959, Ryan sent appellant a check as tender of the award along with the award of damages.

Sec. 84.09 (3m), Stats. 1957, provides:

". . . The board, . . . shall endeavor to obtain easements or title in fee simple by conveyance of the lands or interests required, as directed in the state highway commission's order. . . . If the needed lands or interests therein cannot be purchased expeditiously within the appraised price, the board, . . . may . . . acquire them by condemnation in the name of the state under ch. 32, . . . or in the manner provided in s. 84.09 (2). . . ."

Appellant complains that there was no proper endeavor to acquire the property prior to condemnation in compliance with this statute. This complaint is devoid of merit for the record contains substantial evidence to the contrary.

(c) *Tender of award.* The tender of the award was made by a check made payable to appellant and certain lienholders in compliance with sec. 84.09 (2), Stats. 1957, which provides, in part:

"If any of the needed lands or interests therein cannot be purchased expeditiously for a price deemed reasonable by the commission, the commission may acquire the same by condemnation under ch. 32, or in the manner provided for counties under s. 83.07, or may make an award of damages naming as recipients the owner or owners and any person known to have any legal or equitable interest in said lands. . . ."

The tender in this form satisfied the language of the statute. See *Grant v. Cronin* (1961), 12 Wis. (2d) 352, 357, 107 N. W. (2d) 153. Therefore, the tender under these circumstances was proper.

Appellant complains that the check cannot be negotiated because it is impossible to obtain the necessary indorsers. The record does not show that appellant attempted to obtain the indorsers in trying to negotiate the check. Should the check become nonnegotiable for that reason, this does not render the entire condemnation proceeding invalid. In that case appellant could then petition the circuit court to order the city of Milwaukee to deposit in cash the amount of the check.

Appellant also complains that the check was issued on September 21, 1959, but that the only evidence before the court authorizing the payment was a resolution adopted on September 29, 1959, by the city:

"Further Resolved: That the City Comptroller hereby is authorized and directed to sign and release checks in payment of land acquisition agreements made by the City Real Estate Agent acting pursuant to this resolution and under the procedures relating to payments and reimbursements therefor from the State Highway Commission, as outlined in Common Council Resolution File Number 53–1386–d, adopted June 15, 1954, and to sign and release checks in payment of appraiser's fees and other legal costs and expenses as are necessarily and properly incurred on appeals from the award of damages for property taken, upon the recommenda-

tion of the City Attorney that the bills to cover such costs are reasonable, necessary and proper; . . ."

He contends that at the time the check was issued by the comptroller it was unauthorized and that it was a void tender.

The common council pursuant to resolutions files Nos. 53–1386–c, 53–1386–b, 53–1964–b, adopted March 23, 1954, designated the land commission to acquire the necessity of rights-of-way in question. A procedure for accounting and financing was adopted by the council and the city comptroller was specifically authorized to carry out these procedures on June 15, 1954. The comptroller evidently was following this procedure in issuing the check in question. The later resolution passed by the council was merely a more-detailed implementation of the authority of the comptroller to act for the city pursuant to its earlier contract with the state.

(d) *Relocation of highway.* Appellant argues that the Highway Commission arbitrarily and capriciously relocated the highway in such a manner as to cause it to contain a bend on appellant's land, resulting in excessive condemnation.

The Highway Commission was authorized to condemn that property needed for the improvement of the right-of-way. The determination of the property needed was within its discretion. The acquisition of a strip of property running adjacent to the old right-of-way, although it may bend into appellant's land, is clearly not an abuse of this discretion.

In connection with this argument appellant complains that he is not being compensated for property constituting the old right-of-way. He argues that that property reverted to him pursuant to sec. 80.32 (3), Stats., and the condemnation award did not include the value of that portion. Sec. 80.32 (3), states:

"(3) When any highway shall be discontinued the same shall belong to the owner or owners of the adjoining lands; if it shall be located between the lands of different owners it

shall be annexed to the lots to which it originally belonged if that can be ascertained; if not it shall be equally divided between the owners of the lands on each side thereof."

As respondents' counsel points out, there is no evidence in the record showing that North Teutonia avenue was discontinued. Consequently, there was no reversion in contemplation of that statute.

### (2) *Admission of Copies.*

In the present case the offering of the copies of the letters into evidence was for the purpose of showing that negotiations took place between appellant and respondents prior to the condemnation proceeding. The record shows that there is ample evidence upon which such a finding could be sustained; however, appellant contends that the allowance of the copies into evidence was reversible error. He testified at the trial that he received, or could have received, these letters but could not recall exactly what they said. When asked whether he had the originals he said that he had turned them over to previous attorneys not present in court.

Prior to the trial, respondents did not employ sec. 327.22, Stats., for the purpose of having appellant admit or refuse to admit the existence of the letters in question. Sec. 327.22 (1) (a), (b) and (4) provides as follows:

"(1) Any party to any action may, by notice in writing served upon a party or his attorney at any time after an issue of fact is joined and not later than ten days before the trial, call upon such other party to admit or refuse to admit in writing:

"(a) The existence, due execution, correctness, validity, signing, sending or receiving of any document, or,

"(b) The existence of any specific fact or facts material in the action and stated in the notice.

". . .

"(4) In case of refusal to make such admission, the reasonable expense of proving any fact or document mentioned in the notice and not so admitted shall be determined by the court at the trial and taxed as costs in any event against the party so notified, unless the court is satisfied the refusal was reasonable."

The failure to employ this section does not preclude the admission of documents, or their copies, into evidence. Documents may still be admitted under applicable rules of evidence, and copies may be admitted under the best-evidence rule if the proper circumstances exist and foundation laid. See *Mack Trucks, Inc., v. Sunde* (1963), 19 Wis. (2d) 129, 133, 134, 119 N. W. (2d) 321. The purpose of the best-evidence rule is to prevent fraud upon the trier of the fact, depriving it of the benefit of the original document. *Shellow v. Hagen* (1960), 9 Wis. (2d) 506, 516, 101 N. W. (2d) 694. The contents of a document may be proved by other means when the original is unavailable or for some other legitimate reason it is not possible or feasible to produce the original writing. *Kubiak v. General Accident Fire & Life Assur. Corp.* (1962), 15 Wis. (2d) 344, 350, 113 N. W. (2d) 46.

Appellant contends that the case of *Menasha Wooden Ware Co. v. Harmon* (1906), 128 Wis. 177, 181, 107 N. W. 299, applies and that it was reversible error to allow the copies to be introduced when the originals were in existence although under control of another not present in court. In the *Menasha Case, supra,* the original letters were sent to the county clerk who still had them. Demand by him, by subpoena, could easily have produced the originals in court, but the failure to do this resulted in no proper foundation for the admission of them and the best-evidence rule did not apply. In the present case the originals were sent to appellant who stated that he had turned them over to prior attorneys not present in court. To have the trial delayed

for the mere purpose of producing the original letters when there is no real dispute as to their authenticity would serve no purpose useful to the court. Under those circumstances it is considered to be in the trial court's discretion to allow the copies into evidence. 4 Wigmore, Evidence (3d ed.), p. 334, sec. 1191. Therefore, it was not error for the trial court to permit the copies to be admitted.

*By the Court.*—Order affirmed.